J-S34004-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN ANDREW FURIN | |
| Appellant | No. 694 WDA 2013 |

Appeal from the Judgment of Sentence March 22, 2013
In the Court of Common Pleas of Bedford County
Criminal Division at No(s): CP-05-CR-0000366-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY OTT, J.:                     **FILED AUGUST 29, 2014**

Steven Andrew Furin appeals from the judgment of sentence entered March 22, 2013, in the Bedford County Court of Common Pleas.  Furin was sentenced to a term of 18 months' probation following his plea of *nolo contendre* to one count of indecent exposure.[1]  Contemporaneous with this appeal, Furin's counsel has filed a petition to withdraw from representation and an **Anders** brief.  **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  Counsel's **Anders** brief challenges the voluntariness of Furin's plea, and the discretionary aspects of his sentence.  For the reasons set forth below, we affirm, and grant counsel's petition to withdraw.

_____

[1] 18 Pa.C.S. § 3127(a).

Furin was charged with indecent exposure, open lewdness and disorderly conduct,[2] following a verbal altercation with another man on July 12, 2012, during which he yelled obscenities and exposed his genitals in the presence of a five-year-old child. On the day scheduled for jury selection, Furnin entered a negotiated plea of *nolo contendre* to one count of indecent exposure, in exchange for a sentence of probation and the Commonwealth's dismissal of the remaining charges. On March 22, 2013, the trial court sentenced Furin to a term of 18 months' probation. This timely appeal followed.

When direct appeal counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007). Here, our review of the record reveals that counsel has substantially complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny.[3] Moreover, the record contains no additional correspondence from

_____

[2] 18 Pa.C.S. §§ 3127(a), 5901, and 5503(a)(3), respectively.

[3] Specifically, counsel filed a petition for leave to withdraw, in which she states her belief that the appeal is wholly frivolous, filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), furnished a copy of the **Anders** brief to Furin and advised Furin of his right to retain new counsel or proceed *pro se*. **Commonwealth v. Ferguson**, 761 A.2d 613, 616 (Pa. Super. 2000).

Furin.   Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

The first issue presented in the **Anders** brief challenges the discretionary aspects of Furin's sentence.   Because the right to appeal the discretionary aspects of a sentence is not absolute, in order to reach the merits of such a claim, this Court must first determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Dunphy**, 20 A.3d 1215, 1220 (Pa. Super. 2011) (footnotes omitted).   Here, Furin has not satisfied the procedural prerequisite for our review since he failed to raise his challenge either during the sentencing hearing, or in a timely filed motion for reconsideration of sentence.   Accordingly, it is waived for our review.   **See Commonwealth v. Trinidad**, ____ A.3d ____, 2014 PA Super 78, *7 (Pa. Super. 2014).

Next, the **Anders** brief challenges the voluntariness of Furin's guilty plea.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.   Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).   Failure to employ either measure results in waiver.   **Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n. 3 (Pa.Super.2006).

**Commonwealth v. Lincoln**, 72 A.3d 606, 609-610 (Pa. Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014).   Here, again, Furin neither objected

- 3 -

to his plea during the plea hearing, nor filed a motion to withdraw his guilty plea. Therefore, his challenge is now waived.

Accordingly, because we agree with counsel's assessment that Furin's appeal is wholly frivolous, we affirm the judgment of sentence and grant counsel's petition to withdraw.[4]

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/2014

_____

[4] Were we to conclude that the claims presented in the **Anders** brief were not waived, we would, nevertheless, affirm on the basis of the well-reasoned opinion of the Honorable Travis W. Livengood. **See** Trial Court Opinion, 6/18/2013, at 1-3.