J. S50005/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| AQUI M. McKEITHEN, | : | No. 857 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, August 16, 2012,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0007132-2010

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED SEPTEMBER 2, 2014**

Appellant, Aqui M. McKeithen, appeals ***nunc pro tunc*** from the judgment of sentence of two to four years of imprisonment plus five years of probation following the revocation of his probation for various drug-related convictions.  Appellant's counsel has filed an ***Anders***[1] brief together with a petition to withdraw as counsel.  We affirm the judgment of sentence and grant counsel's petition to withdraw.

A review of the record reveals the following facts and procedural history.  After three undercover drug buys in March and April of 2010, appellant was arrested and charged with the following:  one count of criminal use of communication facility; four counts of possession with intent

---

[1] ***Anders v. California***, 386 U.S. 738 (1967).

to deliver a controlled substance; two counts of possession of a controlled substance; one count of possession with intent to deliver a non-controlled substance; one count of endangering the welfare of children; one count of recklessly endangering another person; and one count of false identification to law enforcement.

On July 7, 2011, appellant pled guilty to all counts pursuant to a negotiated plea agreement. The Honorable Donald E. Machen imposed the following sentence: a period of incarceration of not less than 11½ months nor more than 23 months with permission for alternative housing and three years of concurrent probation at count two, and no further penalty at the remaining counts. Appellant was permitted 30 days to set up alternative housing. Appellant, however, failed to appear at the scheduled court date to begin serving his sentence.

Appellant was subsequently arrested on new charges of possession of a controlled substance, possession of marijuana, possession of drug paraphernalia, driving while operating privilege suspended, and various traffic offenses. On July 17, 2012, appellant pled guilty before the Honorable Thomas E. Flaherty to the charge of possession of a controlled substance and driving while operating privilege suspended. He received a sentence of nine months' probation.

On August 16, 2012, appellant appeared before Judge Machen for sentencing on his probation violation. Appellant was represented by

privately retained counsel, and was sentenced to a period of incarceration of not less than two years nor more than four years, credit for time served, and five years' probation to be served consecutive to the period of confinement.

Trial counsel did not file a post-sentence motion or a notice of appeal. On November 2, 2012, appellant filed a timely **pro se** Post Conviction Relief Act[2] ("PCRA") petition alleging that his VOP counsel was ineffective for failing to file either post-sentence motions and/or a direct appeal on his behalf. On November 9, 2012, Judge Machen appointed Christy P. Foreman, Esq., to represent appellant. Attorney Foreman filed an amended PCRA petition, and on April 17, 2013, Judge Machen reinstated appellant's appellate rights **nunc pro tunc**.

On May 17, 2013, a timely notice of appeal was filed and counsel was ordered to file a concise statement of errors on appeal. Counsel filed a timely Rule 1925(b) statement raising two issues: appellant's sentence was excessive and trial counsel was ineffective for failing to inform the court of mitigating circumstances at appellant's sentencing hearing. (Docket #26.) The trial court filed its Rule 1925(a) opinion on August 12, 2013.

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007). Instantly, our review of the record

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

reveals that counsel has substantially complied with the requirements for withdrawal as outlined in **Anders** and its progeny. Specifically, counsel filed a petition for leave to withdraw in which she states her belief that the appeal is frivolous, filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009),[3] furnished a copy of the **Anders** brief to appellant, and advised appellant of his right to retain new counsel or proceed **pro se**. **Commonwealth v. Ferguson**, 761 A.2d 613, 616 (Pa.Super. 2000). Moreover, our review of the record reveals no additional correspondence from appellant. Accordingly, we will proceed to examine the record to determine whether the appeal is wholly frivolous.

Appellant's first claim raises a challenge to the discretionary aspects of his sentence. "Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011). Before this court can address such a

---

[3] In **Santiago**, our supreme court modified the procedures for filing an **Anders** brief, stating that counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

**Id.**

discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** (internal citation omitted).

Instantly, appellant did not preserve his allegation by raising it at sentencing or in a post-sentence motion. Accordingly, the issue is waived.[4] ***See Commonwealth v. Nischan***, 928 A.2d 349, 355 (Pa.Super. 2007), ***appeal denied***, 936 A.2d 40 (Pa. 2007) ("an appellant can seek to appeal discretionary sentencing issues only after preserving them during the sentencing hearing or in post-sentence motions").

---

[4] We note that even if appellant's sentencing claim had been preserved, it would fail to raise a substantial question. Appellant was facing a maximum sentence of 15 years for three separate deliveries of heroin to an undercover police officer. (Notes of testimony, 8/16/12 at 15.) During one of the deliveries, his minor child was in his car, and during another delivery appellant rammed his vehicle into a police car in an attempt to flee. (***Id.*** at 14.) Despite the statutory maximum available, Judge Machen only sentenced appellant to 2 to 4 years' incarceration followed by 5 years of probation. (***Id.*** at 21.) Appellant did not receive an excessive sentence.

As to appellant's ineffective assistance of counsel claim, that must await collateral review. Pursuant to **Commonwealth v. Grant**, 818 A.2d 726 (Pa. 2002), ineffective assistance of counsel claims are to be raised in a timely PCRA petition. More recently, in **Commonwealth v. Holmes**, 79 A.3d 562, 566 (Pa. 2014), our supreme court reaffirmed the general principle that ineffective assistance of counsel claims must be deferred to collateral review.[5]

Therefore, we affirm the judgment of sentence. Appellant may raise any ineffective assistance of counsel claims he deems appropriate in a timely PCRA petition.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/2/2014

---

[5]In **Holmes**, our supreme court articulated that, absent either good cause or exceptional circumstances and a waiver of post-conviction review, claims of ineffective assistance of counsel are deferred for review pursuant to the PCRA. **Id.** at 563.