J-S60005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD FRANKLIN | |
| Appellant | No. 476 MDA 2014 |

Appeal from the Judgment of Sentence January 17, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000464-2013

BEFORE: OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 13, 2015**

Ronald Franklin appeals the judgment of sentence entered January 17, 2014, in the Luzerne County Court of Common Pleas. The trial court imposed an aggregate sentence of 30 to 84 months' incarceration following Franklin's guilty plea to two counts of indecent assault,[1] and one count each of resisting arrest, disorderly conduct, and public drunkenness.[2] Contemporaneous with this appeal, Franklin's counsel has filed a petition to withdraw from representation and an **Anders** brief. **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981). The sole issue identified in counsel's **Anders** brief is

_____

[1]  18 Pa.C.S. §§ 3126(a)(1) and (2).

[2]  18 Pa.C.S. §§ 5104, 5503(a)(4), and 5505, respectively.

a challenge to the discretionary aspects of Franklin's sentence. For the reasons set forth below, we affirm the judgment of sentence and grant counsel's petition to withdraw.

The facts underlying Franklin's arrest are garnered from the probable cause affidavit attached to his criminal complaint. On January 19, 2013, the victim, a 16-year-old female, reported that a male, later identified as Franklin, began following her and asking her to stop and come to him. She informed him of her age and he persisted in following her. The victim then went into a local pharmacy, and stayed there until she believed the man had vanished. Subsequently, she exited the store and noticed Franklin was following her again. When he reached her, the victim stated Franklin cornered her against a row home, touched her breasts, kissed her chest, and then pulled down her pants. Franklin then fondled her genitals and penetrated her vagina with his finger. He told the victim that he lived with his sister in the far left apartment of the row home and wanted her to come inside with him. However, Franklin was apparently startled by the passing traffic and fled around to the rear of the row home. The victim ran down the street to seek help.

Police Officer Marc Labar responded to the scene and spoke with the victim. He then walked with the victim to the row home apartments and spoke with a woman named Edna Franklin, later determined to be Franklin's sister. The victim described her attacker to Edna and Edna stated that the

victim's attacker was her brother. Edna said Franklin was not home but could be found on South Main Street where he frequents a local pizza shop for alcohol. As Officer Labar was about to transport the victim to her residence, Franklin walked down the street. The victim identified Franklin as her attacker. Franklin then exclaimed, "I didn't do nothing." The officer approached Franklin, informed him that he was under arrest, and asked him to place his hands behind his back. The officer observed that Franklin had a strong odor of alcohol emanating from his person. Franklin refused to comply, and began fighting with Officer Labar. The officer then tackled Franklin to the ground as Franklin continued to resist, but another responding officer was able to handcuff him. Franklin spit on Officer Labar, and kicked him several times while the officer tried to place him in the back of the patrol car. Even while inside the patrol car, Franklin continued to be hostile, violently kicking at the car windows in an attempt to break them. *See* Criminal Complaint, 1/19/2013, at Probable Cause Affidavit.

Franklin was arrested and charged with the above-stated crimes. He signed a written plea agreement, which included that he must register under Sex Offender Registration and Notification Act ("SORNA")[3], have no contact with the victim, have no unsupervised contact with minors, refrain from frequent places where children gather, and submit to a Sexual Offender

---

[3] 42 Pa.C.S. § 9799.13.

Assessment Board ("SOAB") evaluation. Franklin also completed a written guilty plea colloquy. Both documents were presented to the court at his July 23, 2013 guilty plea hearing, wherein an oral colloquy also took place. The court accepted his plea.

Franklin failed to appear at his original sentencing and a bench warrant was issued. He was eventually lodged in the Luzerne County Correctional Facility. On January 17, 2014, the court sentenced Franklin to an aggregate term of 30 to 84 months' incarceration.[4] This timely appeal followed.[5]

When counsel files a petition to withdraw and accompanying **Anders** brief, we must first examine the request to withdraw before addressing any of the substantive issues raised on appeal. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007). Here, our review of the record

---

[4] Specifically, the court imposed a sentence of 24 to 60 months' incarceration for one count of indecent assault (by forcible compulsion), a consecutive term of six to 24 months' imprisonment for the resisting arrest offense, a concurrent term of 12 to 24 months for the second count of indecent assault (without consent), and a concurrent term of three to six months for the disorderly conduct charge. The court imposed no further penalty as to the summary offense of public drunkenness. **See** N.T., 1/17/2014, at 15.

[5] On February 10, 2014, the trial court ordered Franklin to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel for Franklin then filed a motion to file a *nunc pro tunc* concise statement on March 6, 2014. The court granted this motion on that same day. Counsel then filed a *nunc pro tunc* statement of intent to file an **Anders**/**McClendon** brief in lieu of a concise statement. **See** Pa.R.A.P. 1925(c)(4). The court subsequently issued Pa.R.A.P. 1925(a) statement on June 3, 2014, indicating that in light of the counsel's *nunc pro tunc* statement, it concluded there were no issues preserved for appellate review.

reveals that counsel has substantially complied with the requirements for withdrawal outlined in **Anders**, **supra**, and its progeny. Specifically, counsel filed a petition for leave to withdraw, in which he states his belief that the appeal is frivolous, filed an **Anders** brief pursuant to the dictates of **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009),[6] furnished a copy of the **Anders** brief to Franklin, and advised Franklin of his right to retain new counsel or proceed *pro se*. **Commonwealth v. Ferguson**, 761 A.2d 613, 616 (Pa. Super. 2000). Moreover, our review of the record reveals no additional correspondence from Franklin. Accordingly, we will proceed to examine the record and make an independent determination of whether the appeal is wholly frivolous.

The only issue identified in counsel's **Anders** brief challenges the discretionary aspects of Franklin's sentence. Specifically, Franklin contends the trial court abused its discretion by imposing a sentence that was harsh and excessive. **Anders** Brief at 3. He states "his problem with alcohol, and

---

[6] The Supreme Court, in **Santiago**, **supra**, modified the procedures for filing an **Anders** brief, stating that counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous.

**Santiago**, **supra**, at 361.

the fact that he was intoxicated at the time of the offense should have mitigated his sentence." *Id.* at 4. He also asserts he should have been sentenced to inpatient rehabilitation and "attributes the court's erroneous determin[ation that] he was a Sexually Violent Predator to his alcohol problem." *Id.*

The standard of review for a claim challenging the discretionary aspects of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

*Commonwealth v. Edwards*, 71 A.3d 323, 329-330 (Pa. Super. 2013) (citation omitted), *appeal denied*, 81 A.3d 75 (Pa. 2013).

Here, Franklin filed a timely notice of appeal. However, our review of both the docket entries and the certified record reveals no post-sentence motions filed by Franklin to preserve his discretionary sentencing claim. Moreover, he did not raise a challenge to his sentence during the January 17, 2014, sentencing hearing. Accordingly, we conclude this issue is waived. *Commonwealth v. Lamonda*, 52 A.3d 365, 371 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1281 (Pa. 2013); *see also* Pa.R.A.P. 302(a) ("[I]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Therefore, because Franklin waived his sole issue for appellate purposes, we affirm his judgment of sentence. Furthermore, as mandated by law, we have independently reviewed the record and agree with counsel that the appeal is wholly frivolous. *See Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

Judgment of sentence affirmed. Motion to withdraw as counsel granted.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/2015