J-S29042-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEITH A. MORRIS, | : | |
| | : | |
| Appellant | : | No. 1990 WDA 2014 |

Appeal from the PCRA Order Entered November 3, 2014,
in the Court of Common Pleas of Westmoreland County,
Criminal Division, at No(s): CP-65-CR-0000533-2002

BEFORE:     PANELLA, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                 **FILED JUNE 24, 2015**

Keith A. Morris (Appellant) *pro se* appeals from an order dismissing his motion to modify sentence *nunc pro tunc*, which the lower court treated as a petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the background underlying this matter as follows.

> [Appellant] was charged … with numerous violations of the Pennsylvania Crimes Code related to the sexual assault of a minor child.  He was represented by Brian Aston, Esq.  After negotiations, [Appellant] pled *nolo contendere* on September 10, 2002 to four of the charges and the Commonwealth agreed, as a result, to *nolle prose* the remaining charges.  The plea was accepted by Judge William J. Ober.  A sexually violent predator (SVP) hearing was held before Judge Ober on March 13, 2003, who ultimately determined that [Appellant] did not meet the criteria for a [SVP].  [Appellant] was sentenced by Judge Ober on August 19, 2003 to an aggregate sentence of 3½ to 8 years

*Retired Senior Judge assigned to the Superior Court.

[of] incarceration, followed by a consecutive seven years of probation.

In March of 2003, [Appellant] filed a *pro se* motion for credit for time served, which was denied by Judge Rita D. Hathaway because [Appellant] was represented by counsel. Attorney Aston thereafter filed a petition for correction of time, which was granted by Judge Hathaway on March 18, 2004. A number of miscellaneous [*pro se*] pleadings were filed by [Appellant] in 2004 and 2005, all of which were unsuccessful.

On January 11, 2010, the day after [Appellant] was released from state prison after serving his maximum sentence, the court received a special report from the Pennsylvania State Board of Probation and Parole notifying the court that [Appellant] had been detained in the Westmoreland County prison because he did not have an approved residence[. Technical violations of probation were filed against Appellant.] On February 24, 2010, President Judge John Blahovec held a *Gagnon I* hearing,[1, 2] after which it was ordered that [Appellant] would remain detained until he submitted proof of a verifiable address. He was ultimately released on June 10, 2010.

On July 25, 2012, the State Board of Probation and Parole filed another technical violation petition and requested a *Gagnon I* hearing be held. On September 21, 2012[,] a *Gagnon I* hearing was held. [Appellant] stipulated to the technical violations, his special state probation was revoked, and he was sentenced pursuant to a negotiated agreement to an aggregate sentence of 2 ½ to 5 years [of] incarceration.

On or about August 19, 2013, [Appellant] filed a *pro se* motion for modification of sentence which was denied because he was represented by counsel. On September 27, 2013, [Appellant *pro se*] filed a motion to remove Brian Aston, Esq. as

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[2] "[T]he *Gagnon I* hearing is similar to the preliminary hearing afforded all offenders before a Common Pleas Court trial: the Commonwealth must show probable cause that the violation was committed." *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (citation omitted).

counsel of record and another motion to modify sentence and request for video conference. [Attorney] Aston filed [a] motion to withdraw as counsel of record. On November 26, 2013, the court issued an order granting [Attorney] Aston's motion to withdraw and denying [Appellant's] motion to modify sentence, as it was untimely [filed].

[Appellant *pro se*] filed yet another motion to modify sentence on February 5, 2014, this time alleging that [Attorney Aston] was ineffective in his representation of him. [The lower] court treated the motion to modify and allegation of ineffective assistance as a first PCRA petition, and appointed Michael E. DeMatt, Esq. as PCRA counsel. [Attorney] DeMatt filed a no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) on May 2, 2014. [Appellant *pro se* filed several documents, including a document he []titled as an amended PCRA petition, in response to counsel's request to withdraw.]

Lower Court Order, 11/3/2014 (footnote and unnecessary capitalization omitted).

On October 21, 2014, the lower court held an evidentiary hearing. On November 3, 2014, the court entered an order granting Attorney DeMatt's request to withdraw as counsel and dismissing Appellant's PCRA petition, primarily based upon the court's conclusion that Appellant untimely filed his PCRA petition. Appellant timely filed a notice of appeal. The lower court directed Appellant to comply with Pa.R.A.P. 1925(b). Appellant filed a 1925(b) statement, and the lower court complied with Pa.R.A.P. 1925(a). Appellant presents several confused arguments in his brief to this Court,

none of which addresses whether he timely filed his PCRA petition.[3] For the reasons that follow, we will not address those issues.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. **Commonwealth v. Anderson**, 995 A.2d 1184, 1189 (Pa. Super. 2010).

As an initial matter, Appellant's brief fails to comply with the Rules of Appellate Procedure in several significant ways. Perhaps most importantly, Appellant's brief does not contain a statement of questions involved, in violation of Pa.R.A.P. 2111(a)(4) and 2116. For this reason alone, Appellant's appeal warrants no relief. **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

We further observe that, under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory exceptions applies. 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review.

---

[3] "It is well settled that the PCRA provides the sole means for obtaining collateral relief on claims cognizable under the PCRA." **Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007) (citation and quotation marks omitted). Claims of ineffective assistance of counsel are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(ii). Consequently, because Appellant's motion to modify sentence contained a claim of ineffective assistance of counsel, the lower court properly treated the motion as a PCRA petition.

42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." **Chester**, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" **Id.** (quoting **Commonwealth v. Lambert**, 884 A.2d 848, 851 (Pa. 2005)).

The trial court entered Appellant's most recent judgment of sentence on September 21, 2012. Appellant had 30 days to appeal his judgment of sentence, Pa.R.A.P. 903(a), but he did not pursue an appeal. Thus, Appellant's judgment became final on October 22, 2012, and he had until October of 2013 to file timely a PCRA petition. He did not file his "PCRA petition" until February 5, 2014. Moreover, Appellant has not pled or attempted to prove any of the timeliness exceptions. Consequently, Appellant untimely filed his "PCRA petition." For these reasons, we affirm the lower court's order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2015