**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Clyde FERGUSON, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted July 17, 2000.
Filed Oct. 19, 2000.

Scott A. Stein, Lebanon, for appellant.

David J. Arnold, Asst. Dist. Atty., Lebanon, for Com., appellee.

BEFORE: JOYCE, LALLY–GREEN, and HESTER, JJ.

LALLY–GREEN, J.:

¶ 1 Appellant, Clyde Ferguson, Jr., appeals an Order of the Court of Common Pleas of Lebanon County revoking Appellant's parole and re-sentencing him to serve the balance of his remaining sentence, with no credit for street time, at the Lebanon County Correctional Facility. We affirm.

¶ 2 On August 19, 1998, Appellant plead guilty to one count of Criminal Attempt to Possess Cocaine.[1] Docket Entry 11. On October 21, 1998, he was sentenced to probation of twelve (12) months. Docket Entry 17.

¶ 3 On December 8, 1998, a Petition was filed alleging Ferguson had violated his probation conditions. Trial Court Opinion at 2. The trial court held a hearing on December 23, 1998, found Appellant in violation of his probation conditions, and revoked his probation. *Id.* Appellant was re-sentenced with the minimum sentence being time already served and the maximum set at twelve months imprisonment. *Id.* Appellant was paroled into a treatment program at the Lebanon Veterans Medical Center with a condition that he successfully complete the program. *Id.*

¶ 4 On July 19, 1999, Appellant was arrested in Dauphin County for failure to pay fines and costs on a charge of driving without a license. Trial Court Opinion at 3. A detainer was lodged against Appellant and the Lebanon County Adult Probation Department was advised of the action. *Id.* The Dauphin County charges were disposed of on July 29, 1999, giving effect to the detainer. *Id.* Appellant was transported to the Lebanon County Correctional Facility (LCCF) on August 4, 1999. *Id.*

¶ 5 When Appellant entered LCCF, Appellant indicated he would waive his *Gagnon I* hearing. *Id.* On Tuesday, August 10, 1999, Appellant refused to sign the written waiver of the *Gagnon I* hearing. *Id.* On that same date, he was provided with a written copy of the alleged violations and a hearing was scheduled before a District Justice. *Id.*

¶ 6 On Thursday, August 19, 1999, Appellant's *Gagnon I* hearing was held before District Justice John F. Arnold who determined that probable cause existed to believe Appellant had violated his parole conditions. *Id.* On September 28, 1999, a formal petition was filed alleging that Appellant violated his parole conditions by: (1) testing positive for cocaine on July 13, 1999; (2) failing to pay fines and costs; and (3) receiving a charge in Dauphin County for driving without a license. *Id.*

¶ 7 A *Gagnon II* hearing was held on October 6, 1999. *Id.* During the *Gagnon II* hearing, Appellant asserted that his Due Process rights had been violated because: (1) his *Gagnon I* hearing was not timely; (2) he was not afforded the advice of counsel at said hearing; and (3) he had not received written notice of the alleged parole condition violations. N.T., 10/06/99, at 3. The court found that Appellant had violated his parole conditions and sentenced him to serve the balance of his unexpired term without credit for street time. *Id.* This timely appeal followed.

¶ 8 Appellant presents the following issue for our review:

1.  18 Pa.C.S.A. § 901(a).

A. Did the lower court error when it refused to find that Appellant's due process rights were violated when this Gagnon I hearing was held without the assistance of counsel held more than fourteen days after he was detained and he was not given written notice of the alleged violations?

Appellant's Brief at 2.[2]

■ ¶ 9 We note that appellate counsel has contemporaneously filed a petition for leave to withdraw as counsel as well as an *Anders* brief. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). When considering an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *Commonwealth v. Fischetti*, 447 Pa.Super. 381, 669 A.2d 399, 400 (1995). Thus, we begin by addressing counsel's request to withdraw.

■ ¶ 10 In order for counsel to withdraw from an appeal pursuant to *Anders* and its Pennsylvania equivalent, *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), certain requirements must be met:

(1) counsel must petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous;

(2) counsel must file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or *amicus curiae* brief; and

(3) counsel must furnish a copy of the brief to defendant and advise him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention.

*See, Commonwealth v. Heron*, 449 Pa.Super. 684, 674 A.2d 1138, 1139 (1996). Once counsel has satisfied all of the require-

ments attendant to the request for withdrawal, it is then this Court's duty to conduct its own review of the lower court proceedings and render an independent judgment as to whether the appeal is in fact "wholly frivolous." *Commonwealth v. Townsend*, 693 A.2d 980, 982 (Pa.Super.1997) (citation omitted).

¶ 11 The record indicates that on May 24, 2000, appellate counsel filed a petition for leave to withdraw. The petition states that counsel thoroughly reviewed the record and concluded that the appeal would be wholly frivolous. In addition, counsel has filed a brief raising all issues that might possibly support an appeal. Finally, the petition states that counsel has supplied Appellant with copies of the brief and petition, and also explained to Appellant, through an attached letter, that he can proceed *pro se* or hire private counsel in order to raise any issues that he may believe hold merit. Thus, based on our review of the record, counsel has met the requirements imposed by *Anders*.

¶ 12 It now remains for this Court to determine whether Appellant's claim is wholly frivolous. The *Anders* brief filed by counsel raises three issues of arguable merit. Our independent review of the record does not disclose any additional issues of arguable merit for appeal. We now address the issues raised in counsel's *Anders* brief.

¶ 13 Appellant first argues that his Due Process rights were violated because his *Gagnon I* hearing was untimely. Appellant's Brief at 4–5. Specifically, Appellant asserts that under 37 Pa.Code § 71.2, his *Gagnon I* hearing was required to be held within fourteen (14) days of being incarcerated. *Id.* Appellant contends that since his *Gagnon I* hearing was held fifteen (15) days after he was incarcerated at the LCCF, the *Gagnon I* hearing was untimely and violated his right to Due Process. *Id.*

---

**2.** While Appellant appears to present only one issue for our review, he actually raises three issues within his "Statement of Questions In-

volved." Since all three issues were preserved at the parole revocation hearing, we will address them on the merits.

¶ 14 The United States Supreme Court held in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that a parolee is entitled to minimum due process protections because of the possible deprivation of liberty inherent in parole revocation proceedings. *Id.* at 482, 92 S.Ct. 2593; *see also, Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (extending the *Morrissey* holding to probation revocation proceedings); *Commonwealth ex rel. Rambeau v. Rundle*, 455 Pa. 8, 314 A.2d 842 (1973) (implementing the *Morrissey* two step revocation procedure in Pennsylvania); *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975) (implementing the two step revocation procedure of *Gagnon* and *Morrissey* ). When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a *pre-revocation* hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. *Commonwealth v. Holmes*, 248 Pa.Super. 552, 375 A.2d 379, 381, n. 4 (1977). Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made. *Commonwealth v. DeLuca*, 275 Pa.Super. 176, 418 A.2d 669, 672 (1980).

¶ 15 This Court described this parole and probation revocation process in *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975), stating:

> "At the preliminary [*Gagnon I* ] hearing, a probationer or parolee is entitled to notice of the alleged violations of probation or parole, an opportunity to appear and to present evidence in his own behalf, a conditional right to confront adverse witnesses, an independent decisionmaker, and a written report of the hearing." *Gagnon v. Scarpelli, supra*, at 786, 93 S.Ct. at 1761, *citing Morrissey v. Brewer, supra*, 408 U.S. at 487, 92 S.Ct. 2593. Thus, the *Gagnon I* hearing is similar to the preliminary hearing afforded all offenders before a Common

Pleas Court trial: the Commonwealth must show probable cause that the violation was committed.

The *Gagnon II* hearing entails, or may entail, two decisions: first, a "consideration of whether the facts determined warrant revocation." *Morrissey v. Brewer, supra* at 488, 92 S.Ct. at 2603. "The first step in a *Gagnon II* revocation decision ... involves a wholly retrospective factual question: whether the parolee [or probationer] has in fact acted in violation of one or more conditions of his parole [or probation]." *Gagnon v. Scarpelli, supra* 411 U.S. at 784, 93 S.Ct. at 1761, *citing Morrissey v. Brewer, supra*, 408 U.S. at 479–80, 92 S.Ct. 2593. It is this fact that must be demonstrated by evidence containing "probative value." *Commonwealth v. Kates, supra*, 452 Pa. at 118–19, 305 A.2d at 710. "Only if it is determined that the parolee [or probationer] did violate the conditions does the second question arise: should the parolee [or probationer] be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?" *Gagnon v. Scarpelli, supra*, 411 U.S. at 784, 93 S.Ct. at 1761, *citing Morrissey v. Brewer, supra*, 408 U.S. at 479–80, 92 S.Ct. 2593. Thus, the *Gagnon II* hearing is more complete than the *Gagnon I* hearing in affording the probationer additional due process safeguards, specifically:

> (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by

the factfinders as to the evidence re-
lied on and reasons for revoking [pro-
bation or] parole.

*Gagnon v. Scarpelli, supra,* 411 U.S. at
786, 93 S.Ct. at 1762; *Morrissey v.
Brewer, supra,* 408 U.S. at 489, 92 S.Ct.
2593; *Commonwealth v. Kates, supra,*
452 Pa. at 118, n. 10, 305 A.2d at 709, n.
10; ABA Project on Standards for
Criminal Justice, Standards Relating to
Probation, § 5.4 (Approved Draft, 1968).
*See also Commonwealth v. Alexander,*
232 Pa.Super. 57, 331 A.2d 836 (1974)
(failure to receive notice of reason for
revocation hearing), and *State v. Mar-
lar,* 20 Ariz.App. 191, 511 P.2d 204
(1973) (denial of right of confrontation).

*Commonwealth v. Davis,* 234 Pa.Super. 31,
336 A.2d 616, 621 (1975).

■ ¶ 16 Appellant's claim is meritless
for two reasons. First, Appellant's reli-
ance on 37 Pa.Code § 71.2 is misplaced
because the Code applies to the Pennsylva-
nia Board of Probation and Parole and not
to the court of common pleas. In *Com-
monwealth v. McDermott,* 377 Pa.Super.
623, 547 A.2d 1236 (1988), this Court ex-
plained:

> Under Pennsylvania law, the authority
> to parole convicted offenders is split be-
> tween the common pleas courts and the
> Pennsylvania Board of Probation and
> Parole (Parole Board). **When an of-
> fender is sentenced to a maximum
> term of imprisonment of less than two
> years, the common pleas court retains
> authority to grant and revoke parole;
> when the maximum term is two years
> or more, authority to grant and re-
> voke parole is vested in the Parole
> Board....**
> There are significant differences be-
> tween common pleas court parole and
> administrative parole. **The procedures
> for seeking parole in the common
> pleas court are governed by 61 P.S.
> § 314; applications for administrative
> parole on the other hand are governed
> by 61 P.S. § 331.22. Revocation proce-
> dures in the common pleas court are**
> **governed by Pa.R.Crim.P. 1409 ... ;
> revocation of administrative parole is
> governed by the detailed regulations
> promulgated by the Parole Board and
> codified at 37 Pa.Code § 71 *et seq.***

*Id.* at 1239–40 (citations omitted) (empha-
sis added). *See also, Georgevich v. Court
of Common Pleas of Allegheny County,*
510 Pa. 285, 507 A.2d 812 (1986).

¶ 17 Since Appellant was sentenced to a
maximum sentence of less than two (2)
years, the court of common pleas has the
authority to grant or revoke his parole,
under the procedures of 61 P.S. § 314 and
42 Pa.R.Crim.P. 1409. Neither the parole
revocation procedures outlined in 37 Pa.
Code § 71.2, nor the time limits therein,
apply to Appellant.

¶ 18 Second, Appellant's claim is merit-
less because the delay was reasonable.
Our research reveals no statute, court rule,
or case specifically outlining the timing
requirements for *Gagnon I* revocation
hearings where the court of common pleas
has jurisdiction. We find guidance in
Pennsylvania Rule of Criminal Procedure
1409 which addresses the timing of *Gag-
non II* hearings held in the court of com-
mon pleas. 42 Pa.R.Crim.P. 1409. 42 Pa.
R.Crim.P. 1409, in pertinent part, states:

**Violation of Probation, Intermediate
Punishment, or Parole: Hearing and
Disposition**

. . .

(B) Whenever a defendant has been
sentenced to probation or interme-
diate punishment, or placed on pa-
role, the judge shall not revoke such
probation, intermediate punish-
ment, or parole as allowed by law
unless there has been:

(1) a hearing held **as speedily as possi-
ble** at which the defendant is present
and represented by counsel; and

(2) a finding of record that the defen-
dant violated a condition of proba-
tion, intermediate punishment, or
parole.

42 Pa.R.Crim.P. 1409 (emphasis added in (B)(1)).

¶ 19 This Court has construed the Rule 1409(B)(1) language "speedily as possible" to require that a hearing be held within a reasonable time. *Commonwealth v. Saunders*, 394 Pa.Super. 347, 575 A.2d 936, 938 (1990) (citation omitted). In evaluating the reasonableness of a delay, the Court examines three factors: the length of the delay; the reasons for the delay; and, the prejudice resulting to the defendant from the delay. *Id.*

¶ 20 We conclude that the "reasonable time" standard applicable to a Rule 1409 *Gagnon II* hearing should likewise apply to the *Gagnon I* hearing. *Gagnon II* revocation hearings require more stringent procedural due process safeguards than pre-revocation *Gagnon I* hearings. *Davis, supra*, 336 A.2d at 621. Thus, Rule 1409's "reasonableness" standard adequately protects due process rights in a *Gagnon I* hearing.

¶ 21 Applying this standard to the instant case, we conclude, after a review of the record, that the delay in holding Appellant's *Gagnon I* hearing was reasonable. The record reflects that there was only a fifteen (15) day delay between the time Appellant arrived in LCCF on August 4, 1999, and the day of his *Gagnon I* hearing, August 19, 1999. Appellant initially indicated to the parole authorities on August 4, 1999 that he would waive his *Gagnon I* hearing. When the waiver documents were subsequently brought to Appellant on August 10, 1999, he refused to sign the written waiver and requested a hearing. Appellant's *Gagnon I* hearing was held nine (9) days later on August 19, 1999.

¶ 22 Furthermore, Appellant was not prejudiced because of the delay. Appellant admitted at his *Gagnon II* hearing held on October 6, 1999, that he committed the alleged parole violations. These admissions were revealed as follows:

The Court: Is this a contested matter?

Mr. Stein: Contested in part and not contested in part. With regard to Rule No. 4 he is admitting that test did come back positive; however, he has indicated to me to indicate to the Court that he did not knowingly use drugs. He was at a party in that time frame and he believes something—he may have encountered something in one of the food or beverages that were being served at the party.

The Court: Mr. Ferguson, you are admitting though that you were tested and the test came back positive?

[Appellant]: Yes, I am admitting that, yes.

The Court: Not that you knowingly used it, but—

[Appellant]: That the test—

The Court:—it came back positive for cocaine?

[Appellant]: Yes.

Mr. Stein: With regard to Rule No. 10, we're not contesting that he has not made any payment on fines and costs.

The Court: Is that true as well, Mr. Ferguson, you haven't paid on your fines and costs?

[Appellant]: Yes.

N.T., 10/06/99, at 2–3. Since Appellant contributed to the delay in holding his *Gagnon I* hearing, and asserts no actual prejudice to him resulting from the delay, he fails to demonstrate that the delay was unreasonable. Accordingly, Appellant's claim fails.

¶ 23 Appellant next contends that his due process rights were violated because he was not provided with written notice of his alleged parole violations prior to his *Gagnon I* hearing. The record reflects that Appellant's contention is factually inaccurate. After a review of Appellant's probation file, the trial court learned that Appellant was in fact provided a written copy of the alleged violations on August 10, 1999, nine days prior to his *Gagnon I*

hearing. *See*, Trial Court Opinion at 6. Appellant signed an acknowledgement form confirming that he received written notice of the charges lodged against him. *Id.* The written notice also advised Appellant of his right to be represented by counsel at his *Gagnon I* hearing and for his need to contact the Public Defender if he could not afford to retain private counsel to represent him. *Id.* The record reflects that the Public Defender was appointed to represent Appellant on August 6, 1999. *Id.* Since Appellant was provided written notice of the charges lodged against him prior to his *Gagnon I* hearing, Appellant's claim is frivolous.

■ ¶ 24 Appellant's final contention is that his due process rights were violated because he did not have legal counsel at his *Gagnon I* hearing. This Court has specifically held that the absence of counsel at a *Gagnon I* hearing will not result in the reversal of a subsequent parole revocation if the error is harmless beyond a reasonable doubt. *Commonwealth v. Fowler*, 275 Pa.Super. 544, 419 A.2d 34, 35 (1980).

¶ 25 Here, the absence of counsel at Appellant's *Gagnon I* hearing was clearly harmless beyond a reasonable doubt. Appellant has not alleged that he was prejudiced by the absence of counsel at the *Gagnon I* hearing, and our review of the record fails to reveal any prejudice to Appellant. Appellant was represented at the *Gagnon II* hearing by counsel who was familiar with the facts and procedural history of Appellant's case. *See generally*, *Gagnon II* Hearing Transcript, 10/06/99.

Appellant admitted his parole violations. *Id.* at 2–3. Indeed, the record reflects that Appellant's ability to defend himself against the charges at the *Gagnon II* hearing was not impaired in any way by the absence of counsel at the *Gagnon I* hearing. Accordingly, we find Appellant's claim frivolous.

■ ¶ 26 Finally, we observe that we did not remand once we determined that the first claim was not "wholly frivolous." Our Supreme Court said, in *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), the following regarding how to comply with *Anders* when an issue is not deemed "wholly frivolous:"

 ... if it [the court] finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.* at 1187.[3] Our court has followed the *McClendon* directive when there would be a benefit to having an advocate's brief. *See*, *Commonwealth v. Dabrowski*, 296 Pa.Super. 515, 442 A.2d 1170 (1982) (remand for advocate's brief after court determined that an issue the court raised (after its independent review) was not wholly frivolous); *but see*, *Commonwealth v. Sanders*, 426 Pa.Super. 362, 627 A.2d 183 (1993) (issue argued by appellate counsel and, separately, by appellant in a pro se brief was not wholly frivolous and done in such a way that that the court decided matter on its merits).

¶ 27 Here, we have determined that the *Gagnon I* issue is not wholly frivolous.

**3.** The complete text surrounding the above quoted sentence is as follows:

 Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. **On the other hand, if it [the court] finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.**
 *Id.* at 1186–87.

Appellant's counsel argued the issue in the *Anders* brief. The trial court addressed the issue. A remand for an advocate's brief would not aid our analysis or serve any useful purpose under *Anders*, particularly since the crux of the issue was a question of law. Thus, we elected not to remand and to proceed on the merits.

¶ 28 Summarizing, we do not find Appellant's first claim to be "wholly frivolous" as defined in an *Anders* context. Therefore, we deny counsel's petition to withdraw pursuant to *Anders*. Nevertheless, the claim fails on its merits. The other claims are "wholly frivolous."

¶ 29 Counsel's petition for leave to withdraw denied. Judgment of sentence affirmed.