J-S22036-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SAUNDRA LEE DINGER, | : | |
| | : | |
| Appellant | : | No. 1784 WDA 2014 |

Appeal from the Judgment of Sentence Entered September 22, 2014,
in the Court of Common Pleas of Jefferson County,
Criminal Division, at No(s): CP-33-CR-0000445-2011 and
CP-33-CR-0000605-2012

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 02, 2015**

Saundra Lee Dinger (Appellant) appeals from a judgment of sentence entered after the trial court revoked her probation.  In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We previously denied counsel's petition to withdraw and remanded with instructions.  We again deny counsel's petition to withdraw and remand with instructions.

We briefly summarize the background underlying this matter as follows.  The trial court revoked Appellant's probation and sentenced her.  Appellant timely filed a post-sentence motion, which the trial court denied.  Appellant timely filed a notice of appeal.  The trial court directed Appellant to comply with Pa.R.A.P. 1925(b).  Appellant filed a 1925(b) statement, and

_____
*Retired Senior Judge assigned to the Superior Court.

the trial court subsequently filed an opinion in compliance with Pa.R.A.P. 1925(a).

Counsel then filed with this Court a petition to withdraw and an *Anders* brief. We consider such matters as follows.

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of *Anders* as follows.

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's

conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We determined that counsel failed to comply with the above requirements. In so doing, we cited the following missteps by counsel: 1) counsel failed to append to the *Anders* brief the Pa.R.A.P. 1925(b) statement; 2) the certificate of service that counsel attached to the petition to withdraw did not reflect that counsel served Appellant with the petition; 3) the *Anders* brief's "statement of the case" did not contain any citation to the record; 4) counsel failed to ensure that the certified record contained a transcript of the *Gagnon I*[1, 2] hearing; and 5) counsel did not explain adequately his reasons for concluding that the appeal is wholly frivolous. Due to these deficiencies, we denied counsel's petition to withdraw without prejudice and remanded this case, directing counsel to file either an advocate's brief or a proper *Anders* brief and petition to withdraw.

Counsel again has filed a petition to withdraw and an *Anders* brief. Counsel has repeated his failure to append to the *Anders* brief the Pa.R.A.P.

---

[1] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[2] "[T]he *Gagnon I* hearing is similar to the preliminary hearing afforded all offenders before a Common Pleas Court trial: the Commonwealth must show probable cause that the violation was committed." *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000) (citation omitted).

1925(b) statement. Moreover, counsel simply did not file a certificate of service with his new petition to withdraw. While the **Anders** brief's "statement of the case" contains citation to the record and counsel better explained his reasons for concluding that the appeal is wholly frivolous, he failed to ensure that the certified record contained a transcript of the **Gagnon I** hearing.[3]

Due to these deficiencies, we again deny counsel's petition to withdraw without prejudice. Thus, we remand this case and direct counsel to file, within 30 days of the date of this memorandum, either an advocate's brief or a proper **Anders** brief and petition to withdraw.[4] The Commonwealth shall have 30 days from the date that counsel files his brief in order to file a responsive brief.

Petition to withdraw as counsel denied. Case remanded with instructions. Panel jurisdiction retained.

---

[3] Counsel appended to the **Anders** brief what appears to be a copy of the **Gagnon I** hearing transcripts. Such an action is insufficient to correct the hole in the certified record. **See Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006) ("[U]nder the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.").

[4] We will not countenance a third non-compliant effort on counsel's part.