J-A26003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHARLES JACKSON, | |
| Appellant | No. 1351 WDA 2017 |

Appeal from the Judgment of Sentence Entered August 24, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0003257-2015 and CP-02-CR-0000448-2015

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED DECEMBER 20, 2018**

Appellant, Charles Jackson, appeals from the judgment of sentence of an aggregate term of two years' probation, imposed after the trial court revoked his previously-imposed probation for simple assault.  After careful review, we reverse and remand for reinstatement of the prior sentence.

On June 24, 2015, Appellant entered a guilty plea to simple assault ("SA"), 18 Pa.C.S. § 2701, at CP-02-CR-0000448-2015 ("448"), and to SA and summary harassment, 18 Pa.C.S. § 2709, at CP-02-CR-0003257-2015 ("3257").  On that same date, the trial court sentenced Appellant to two years' probation for SA at 448, and to a concurrent term of two years' probation for SA at 3257.[1]  Additionally, as a condition of his probation, the trial court

---

[1] The court imposed no further penalty for the harassment offense.

ordered Appellant to have no contact with the victim, Stephanie Long, to complete a domestic violence program, and to undergo a drug and alcohol abuse evaluation.  On December 17, 2015, the trial court revoked Appellant's probation and again sentenced Appellant to two years' probation at 448 and to a concurrent term of two years' probation at 3257, with the same conditions of probation.

On March 5, 2017, police arrested Appellant, and the Commonwealth charged him with assaulting Ms. Long.  The Commonwealth withdrew those charges prior to any preliminary hearing.  On May 28, 2017, police arrested Appellant for assaulting Ms. Long yet again.  Following the then-established pattern, the Commonwealth withdrew those charges on June 22, 2017.  Nevertheless, Appellant remained incarcerated on a probation violation detainer.

On August 24, 2017, the trial court held a *Gagnon II* probation violation hearing.[2]  The court received brief testimony from Appellant's probation officer, but no testimony from any witnesses to the events surrounding Appellant's withdrawn charges.  Notwithstanding, the trial court revoked Appellant's probation for technical violations, and resentenced him to 11½-23 months' incarceration at 448 and a consecutive sentence of 2 years' probation at 3257.  The court also reimposed the same conditions of probation.

---

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

Appellant filed a timely post-sentence motion on September 1, 2017, challenging the sufficiency of the evidence supporting the revocation, and the discretionary aspects of his sentence, which the trial court denied on September 8, 2017. Appellant filed a timely notice of appeal, and a timely, court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on February 2, 2018.

Appellant now presents the following question for our review:

Whether the Commonwealth failed to present sufficient evidence establishing that [Appellant] violated his probation?

Appellant's Brief at 5.

The procedures for revoking probation and the rights afforded to a probationer during revocation proceedings are well settled:

[w]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. **Commonwealth v. Ferguson**, 761 A.2d 613 (Pa. Super. 2000) (citing **Commonwealth v. Holmes**, [] 375 A.2d 379, 381 ([Pa. Super.] 1977)). Where a finding of probable cause is made, a second, more comprehensive hearing, a **Gagnon II** hearing, is required before a final revocation decision can be made. **Commonwealth v. DeLuca**, [] 418 A.2d 669, 672 ([Pa. Super.] 1980).

The **Gagnon II** hearing entails two decisions: first, a "consideration of whether the facts determined warrant revocation." **Morrissey v. Brewer**, 408 U.S. 471 … (1972). "The first step in a […] revocation decision … involves a wholly retrospective factual question: whether the parolee [or probationer] has in fact acted in violation of one or more conditions of his parole [or probation]." **Gagnon**[], 411 U.S. 778[] (citing **Morrissey**[], 408 U.S. at 484[]). It is this fact that must be demonstrated by evidence containing "probative value." **Commonwealth v. Kates**, 305 A.2d 701 ([Pa.] 1973). "Only if it is determined that the parolee

- 3 -

[or probationer] did violate the conditions does the second question arise: should the parolee [or probationer] be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?" **Gagnon**[,] 411 U.S. at 784[] (citing **Morrissey**[], 408 U.S. at 484[]). "Thus, the **Gagnon II** hearing is more complete than the **Gagnon I** hearing in affording the probationer additional due process safeguards, specifically: (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." []**Ferguson**, **supra**, (citing **Gagnon** [], **supra**, 411 U.S. at 786[]; **Morrissey**[], 408 U.S. at 489[]; []**Kates**[], []305 A.2d [at] 701, n.10).

**Commonwealth v. Sims**, 770 A.2d 346, 349–50 (Pa. Super. 2001). Further, we note that there is a lesser burden of proof in a **Gagnon II** hearing than in a criminal trial because the focus of a violation hearing is "whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct." **Id.** at 350 (internal citation omitted). Thus, the Commonwealth need only prove a violation of probation by a preponderance of the evidence. **Id.** Lastly, hearsay is not admissible at a **Gagnon II** hearing absent a finding of good cause for not allowing confrontation. **Commonwealth v. Kavanaugh**, [] 482 A.2d 1128, 1130–31 ([Pa. Super.] 1984).

**Commonwealth v. Allshouse**, 969 A.2d 1236, 1240–41 (Pa. Super. 2009).

Instantly, Appellant contends:

The Commonwealth failed to present sufficient evidence that [Appellant] violated his probation. [His] arrests, without more, were insufficient to violate his probation. The law is clear that an arrest alone is an insufficient basis to violate probation. Here, the mere fact that [Appellant] had been arrested is all the

Commonwealth presented at his violation hearing. Indeed, the record shows that the Commonwealth made the decision to withdraw the charges against [Appellant] before a preliminary hearing was held. Simply, the Commonwealth woefully failed to establish that [Appellant] violated his probation and his judgment of sentence must be vacated and his original judgment of sentence must be reinstated.

Appellant's Brief at 11.

As this Court stated in *Sims*, "[w]e know of no law that allows for probation to be revoked solely on the basis of an arrest and waiver of a preliminary hearing. On the contrary, we have found that an arrest alone, without facts to support the arrest, is not sufficient to revoke probation or parole." *Sims*, 770 A.2d at 352.

The trial court states:

Here, [Appellant] was charged in two (2) separate incidents with additional assaults on the same victim. His attorney's argument that "on the May 28 date he was out and about minding his own business when the victim attacked him in public" ([N.T.], 8/24/17, [at] 3), does not result in a failure of sufficiency to support the violation, inasmuch as it is [Appellant]'s responsibility to leave if he encounters the victim in a public place and this does not provide an explanation for the March 5, 2017 violation of the no contact order. Because this [c]ourt found that [Appellant] was in non-compliance with the conditions of his probation, particularly in repeatedly assaulting the same victim in repeated violation of the no contact order, the imposition of a sentence of imprisonment was permissible under the Sentencing Code.

Given the [Appellant]'s utter lack of compliance as described above, the imposition of a term of imprisonment was necessary to vindicate this [c]ourt's authority. This [c]ourt was well within its discretion in revoking the [Appellant]'s probation and imposing a term of imprisonment. This claim must fail.

Trial Court Opinion, 2/2/18, at 3-4 (citation omitted).

Nowhere in the trial court's opinion does it cite to the evidence or testimony demonstrating the "facts … support[ing] the arrest[.]" ***Sims***, 770 A.2d at 352. The only testimony received by the court at the revocation hearing was that of Appellant's probation officer, Mr. Dalbon. It is obvious from his testimony that Mr. Dalbon did not personally observe the circumstances surrounding Appellant's arrests. N.T. at 2-3. Rather, Mr. Dalbon only testified as to the fact that Appellant had been arrested, and that the named victim in the withdrawn charges was Ms. Long. ***Id.***

The Commonwealth concedes that,

> [w]ith all [due] respect to the [t]rial [c]ourt, it is the Commonwealth's burden to prove the violation of probation. ***A prosecuting attorney did not appear at the revocation hearing to present any evidence and the probation officer's testimony did not establish that [A]ppellant had an opportunity to avoid the encounter with the victim and did so anyway nor did it establish that the assaults actually occurred.*** The Commonwealth acknowledges that this Court might find the proof of a violation to be insufficient and will defer to the decision of this Court.

Commonwealth's Brief at 8 (emphasis added). The Commonwealth conceded at oral argument that Appellant is entitled to relief in these circumstances.

We agree with Appellant and the Commonwealth. Accordingly, we reverse Appellant's judgment of sentence for the violation of his probation imposed on August 24, 2017, and remand for the trial court to reinstate the judgment of sentence entered on December 17, 2015.

Judgment of sentence ***reversed***. Case ***remanded***. Jurisdiction ***relinquished***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/20/2018