J. S06045/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                    :           PENNSYLVANIA
           v.           :
                    :
KHALIL JACKSON,            :        No. 2160 EDA 2018
                    :
          Appellant      :

Appeal from the Judgment of Sentence Entered June 21, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004527-2014

BEFORE: LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         Filed: April 9, 2020

Khalil Jackson appeals the June 21, 2018 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following revocation of his probation. We vacate appellant's judgment of sentence and remand for proceedings consistent with this memorandum.

At the outset, we note that the facts giving rise to appellant's arrest are not germane to this appeal, so we need not recite them. With respect to procedure, the record reflects that appellant was arrested on January 27, 2014, and charged with aggravated assault, conspiracy, possessing an instrument of crime, terroristic threats, simple assault, recklessly endangering another person, and unlawful restraint/serious bodily injury[1] at

---

[1] 18 Pa.C.S.A. §§ 2702(a), 903, 907(a), 2706(a)(1), 2705, and 2902(a)(1), respectively.

Docket No. CP-51-CR-0004527-2014 ("No. 4527") in connection with an assault that occurred on May 2, 2013. (Criminal complaint, 1/28/14 at 1.) The record further reflects that upon his arrest, appellant was incarcerated and bail was set at $15,000. (*Id.*) On December 4, 2014, the trial court granted appellant's motion for bail modification at Docket No. 4527 and modified the "[m]onetary conditions in the amount of $50,000 at 10[ percent] originally set on 04/16/2014" "to release on [n]ominal bail in the amount of $1.00." (Order of court, 12/4/14.) We are unable to discern from the record when appellant's bail was decreased from $15,000 to 10 percent of $50,000. The record contains a bail bond for Docket No. 4527 that lists an associated case at Docket No. MC-51-CR-0002903-2014 for unidentified offenses charged on May 2, 2013. The bail bond is not dated or signed.

The record further reflects that on November 24, 2015, appellant entered a guilty plea at No. 4527 to one count each of aggravated assault and conspiracy. The written guilty plea colloquy at No. 4527 states that the Commonwealth promised to recommend a sentence of not more than 9 to 18 months. There is a handwritten notation on the written guilty plea colloquy that states "credit time served 5/17/14 – 11/24/14 immediate parole + 18 months prob. on each." (Written guilty plea colloquy, 11/24/15 at 2.) The negotiated guilty plea sentencing order reflects that appellant received 9 to 18 months of incarceration for aggravated assault with a concurrent 9 to 18 months of incarceration for conspiracy. The order states that appellant

would receive "[c]redit for time served to be calculated by the Phila. Prison System[.]" (Negotiated guilty plea sentencing order, 11/24/15.) Appellant also received two concurrent probationary terms of 18 months. (*Id.*) Appellant was released on parole on November 24, 2015. The record does not contain the Philadelphia prison system's calculation of appellant's time credit.

On April 9, 2018, the Philadelphia Adult Probation and Parole Department (the "Department") filed a *Gagnon II*[2] summary stating that appellant had last reported to the Department on May 3, 2017, and that the Department requested wanted cards for appellant on September 14, 2017. The April 9, 2018 *Gagnon II* summary further stated that the Department had learned that appellant had been shot on June 6, 2017 and that appellant was wanted in connection with drug- and firearms-related crimes that occurred on June 6, 2017. The summary further stated that appellant had been arrested in connection with the June 6, 2017 crimes on January 10, 2018, and was in custody in Bucks County awaiting a violation hearing on another matter.

---

[2] *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *see also Commonwealth v. Ferguson*, 761 A.2d 613 (Pa.Super. 2000) (explaining when parolee or probationer is detained pending revocation hearing, due process requires determination at pre-revocation hearing (*Gagnon I* hearing) of probable cause to believe violation was committed, and upon finding of probable cause, second, more comprehensive hearing (*Gagnon II* hearing) follows before trial court makes final revocation decision).

The trial court held a **_Gagnon II_** hearing in this matter on April 20, 2018. At that time, the drug and firearms charges arising from the June 6, 2017 incident had been dismissed and then refiled. (Notes of testimony, 4/20/18 at 7.) At the April 20, 2018 hearing, counsel agreed that appellant was in technical violation of his probation for not reporting or performing any of the conditions of his probation.[3] (**_Id._** at 10) Then the following took place:

> THE COURT: All right. I find you in violation of my terms of both, parole and anticipatory, with respect to the probation. So I'm revoking both, your parole and your probation, sir.
>
> [DEFENSE COUNSEL]: Your Honor, may I be clear. I was under the impression that this was a violation -- he had completed the terms of his parole and then the wanted cards were issued on September 14th of 2017, which would have been during the probation period.
>
> THE COURT: Well, let me look at the dates. Hold on.
>
> He entered a sentence on November 24th, 2015, so on that date, he was given immediate parole. I don't know how much time he had in, but 9 plus 18 on the outside. Hold on –
>
> [DEFENSE COUNSEL]: Well, I'm looking at the arrest date of 1/27/14.
>
> THE COURT: He may not have had -- I don't know what time he had in.
>
> [DEFENSE COUNSEL]: I was advised he was in custody up until he was released, Your Honor, but I don't have any independent information.

---

[3] The record reflects that as conditions of appellant's probation, appellant was to stay away from the victim and her home and complete 20 hours of community service. (Negotiated guilty plea sentencing order, 11/24/15.)

It would just appear that at the time the wanted cards were issued --

THE COURT: When was the arrest date for this case, again -- May 2nd, 2013. So May 2nd, 2013, plus 27 months -- 15.

[DEFENSE COUNSEL]: Your Honor, I would go with the arrest date.

THE COURT: Hold on. Wait a minute. I sentenced him on --

[DEFENSE COUNSEL]: But he had already been in custody, Your Honor, since January 27th for the prior year.

THE COURT: Let me count back a second. And when did he take off? He took off May 2017, so he was breached May of 2017. So you're still within the parole period.

He took off May. His last visit, as they say, was May 3rd, 2017. That is within the two-year -- or actually, hold on, 18 months.

[DEFENSE COUNSEL]: Your Honor, if I may be heard. He was arrested January 27th of 2014. He was in custody until he was paroled November 24th of 2015, so that's 12 plus --

THE COURT: Yes, but I don't that [sic] --

[DEFENSE COUNSEL]: That's 20 months.

THE COURT: I don't know that he had credit on this case at that time.

[DEFENSE COUNSEL]: Well, the order was -- it says credit for time served.

THE COURT: On this case.

[DEFENSE COUNSEL]: That's correct.

THE COURT: I don't know if he was sitting here, also, as a result of Bucks County, because Bucks County had the 2011 case. This case would have violated that, right, so they may well have had a detainer on him at some point. I don't know the answer to that question.

. . . .

Well, subject to any change of time credit, I'm revoking both. Remind me of the machinations of the time when we get to sentencing, okay, because I may discount that 18-month period from whatever sentence I impose.

In fact, I often do -- I often discount that portion from what I'm doing so that I don't run a foul [sic] of illegal sentences.

It may well be, it's the violation of the probation part and, you know, the 18 months will be taken off the top. But, in an abundance of caution, I'm revoking both, subject to change and I'll defer sentence. Presentence investigative reports to be ordered.

Notes of testimony, 4/20/18 at 12-15.

On June 11, 2018, the Department filed another ***Gagnon II*** summary that reiterated the April 4, 2018 summary and also stated that appellant was in custody in Bucks County on the drug and firearms charges which were potential direct violations of his parole. We note that both the April 4, 2018 and June 11, 2018 ***Gagnon II*** summaries state that appellant's parole/probation start date was November 24, 2015, and his end date was January 20, 2018.

The trial court held a sentencing hearing on technical violations on June 21, 2018. When the trial court asked whether appellant had completed his parole period, defense counsel stated that the April 4 and June 11, 2018 *Gagnon II* summaries state that probation would end on January 20, 2018. (Notes of testimony, 6/21/18 at 11.) The Commonwealth's attorney stated that he "think[s] [appellant] finished parole in 2016" and appellant was on probation when he committed the technical violations (*Id.*) The trial court sentenced appellant to three to six years of incarceration on the aggravated assault conviction followed by a consecutive three to six years of incarceration on the conspiracy conviction.

Appellant filed a timely post-sentence motion for reconsideration, which the trial court denied. Appellant then filed a timely notice of appeal. The trial court then ordered appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issues:

> [1.] Did the [trial court] impose illegal sentences on appellant following the revocation of probation/parole because those sentences were imposed on crimes on which the sentences initially imposed on appellant had expired by the time he was cited for probation/parole violations?
>
> [2.] Did the [trial court] commit an abuse of discretion by imposing the sentence it did following the revocation of probation for the reasons set forth in the post-sentence motion

> seeking reconsideration of sentence filed in this matter, which is incorporated in toto herein?

Appellant's brief at 3[4] (full capitalization omitted).

Challenges to the legality of sentence are never waived. ***Commonwealth v. Hoffman***, 198 A.3d 1112, 1123 (Pa.Super. 2018) (citation omitted). Our standard of review of a challenge to the legality of a sentence is ***de novo*** and our scope of review is plenary. ***Id.*** (citation omitted).

It is well settled that:

> The Commonwealth establishes a probation violation meriting revocation when it shows, by a preponderance of the evidence, that the probationer's conduct violated the terms and conditions of his probation, and that probation has proven an ineffective rehabilitation tool incapable of deterring [the] probationer from future antisocial conduct.

***Commonwealth v. A.R.***, 990 A.2d 1, 4 (Pa.Super. 2010), ***affirmed***, 80 A.3d 1180 (Pa. 2013) (citation and footnote omitted).

In its brief to this court, the Commonwealth concedes that appellant received an illegal sentence because no evidence demonstrated that appellant's technical violations occurred while appellant was still on probation. (Commonwealth's brief at 7-12.) In its brief, the Commonwealth includes its "timeline of events" to establish that appellant's time credit began on January 27, 2014, and his probation ended on May 24, 2017, to support its

---

[4] We have re-ordered appellant's issues for ease of disposition.

conclusion that there was no evidence to prove that appellant violated his probation. (**Id.** at Exhibit 1.) The Commonwealth's "timeline of events," however, is not part of the certified record before us. The law is well settled that an appellate court may not consider documents that are not part of the certified record. **See Commonwealth v. Spotz**, 18 A.3d 244, 323 (Pa. 2011).

That being said, the certified record before us is deficient to aid in our determination of whether appellant's sentence is illegal. The certified record fails to demonstrate (1) when appellant's time credit for No. 2547 began and ended; (2) when appellant's parole for No. 2547 began and ended; and (3) when appellant's probation for No. 2547 began and ended. As a result of those deficiencies, we are unable to evaluate the merits of appellant's challenge to the legality of his sentence, as well as the Commonwealth's concession that the sentence is illegal. Accordingly, we vacate appellant's judgment of sentence and remand this matter so that the trial court can conduct an evidentiary hearing to determine (1) when appellant's time credit for No. 2547 began and ended; (2) when appellant's parole for No. 2547 began and ended; and (3) when appellant's probation for No. 2547 began and ended. Once those determinations are made, the trial court will be able to

determine whether it can legally sentence appellant for technical violations of his probation.[5]

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/20

---

[5] In light of our disposition, we need not address appellant's challenge to the discretionary aspects of his sentence.