J-A21017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM MICHAEL YOUNG | : | |
| | : | |
| Appellant | : | No. 1800 MDA 2024 |

Appeal from the Judgment of Sentence Entered December 5, 2024
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0001444-2023

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED: MAY 13, 2026**

Adam Michael Young ("Young") appeals from the judgment of sentence imposed following the revocation of his probation.  After review, we hold that Young's revocation sentence is illegal pursuant to 42 Pa.C.S.A. § 9771(c), as amended by Act 44 of 2023 ("Act 44").  We thus vacate the revocation sentence and remand for resentencing.

In 2024, Young entered a negotiated guilty plea to the crimes of theft by unlawful taking, receiving stolen property, unauthorized use of automobiles and other vehicles, habitual offenders, driving while license is suspended or revoked, and driving without a license.[1]  On May 8, 2024, the trial court

_____

[*] Former Justice specially assigned to the Superior Court.

[1] *See* 18 Pa.C.S.A. §§ 3921(a), 3925(a), 3928(a); *see also* 75 Pa.C.S.A. §§ 6503.1; 1543(b)(1); 1501(a).

accepted Young's guilty plea and imposed an aggregate term of twelve to twenty-four months' probation subject to the supervision of Lebanon County Probation Services ("Probation Services"). *See* Order, 5/8/24, at unnumbered 1. As part of this sentence, the trial court required Young to participate in a county intermediate punishment ("CIP") program by serving the first twelve months of this term on restrictive probation with the Lebanon County Drug Court Program ("Drug Court") — a problem-solving court created in accordance with 42 Pa.C.S.A. § 916.[2] While serving this portion of his sentence, the trial court additionally placed Young on house arrest with electronic monitoring.[3] As it pertains to the entirety of Young's probation, the trial court ordered him to abide by the rules of supervision that it attached and incorporated into to its sentencing order, including: "General Conditions of Probation and Parole[,]" as well as "House Arrest/Electronic Monitoring Rules and Guidelines." Amended Order, 7/5/24, at 3-5.

---

[2] Section 916 generally assigns a court of common pleas of a judicial district the authority to "establish, from available funds, one or more problem-solving courts which have specialized jurisdiction . . . whereby defendants are admitted to a court-supervised individualized treatment program" of which the court "may adopt local rules for" their administration and "related treatment services." 42 Pa.C.S.A. § 916(a).

[3] Concomitant to this order, the court directed Young to: (1) comply with "all requirements presented by the Drug Court treatment team and as required by Drug Court contracts;" (2) "comply with all treatment recommendations;" and (3) "complete the requirements of the period of probation under intensive supervision including all rules, regulations, conditions and restrictions imposed by . . . Probation Services." Amended Order, 7/5/24, at 1.

On November 18, 2024, following the issuance of a detainer generally alleging that Young violated the restrictive conditions of his probation, Probation Services filed a motion for a hearing on the matter, specifying that Young: (1) failed to report to the probation office on 10/10/24; (2) failed to report to Drug Court on 10/22/24; (3) tested positive for methamphetamine and cocaine on multiple occasions; (4) failed to report for one drug test; (5) failed to comply with the rules of house arrest; and (6) failed to comply with the conditions of Drug Court. **See** Petition to Determine Probation with Restrictive Conditions Violation, 11/18/24, at unnumbered 1.

On November 26, 2024, the trial court conducted a combined **Gagnon I**/**Gagnon II** hearing,[4] during which Young confessed to committing the above technical violations.[5] **See** N.T., 11/26/24, at 2-4. Young's counsel then argued that section 9771(c), as amended by Act 44, applied to Young's case,

---

[4] Because a probation revocation results in a loss of liberty, a probationer must be accorded due process of law. **See Gagnon v. Scarpelli**, 93 S. Ct. 1756 (1973); **see also Commonwealth v. Davis**, 336 A.2d 616, 620 (Pa. Super. 1975). Revocation occurs in a two-step process. First, when a probationer is detained based on an alleged probation violation, due process requires a **Gagnon I** pre-revocation hearing to determine whether probable cause exists to believe that the probationer committed a violation. **Commonwealth v. Ferguson**, 761 A.2d 613, 617 (Pa. Super. 2000). If the Commonwealth satisfies this burden, a second, more comprehensive **Gagnon II** revocation hearing follows, at which the trial court determines whether to revoke probation. **Id**.

[5] As defined by 42 Pa.C.S.A § 9774.1(k), a technical violation is a "violation of the specific terms and conditions of a defendant's probation, other than by the commission of a new crime of which the defendant is convicted . . . or pleads guilty [to] in a court of record."

since the amendments became effective on June 11, 2024. Counsel further argued that these amendments limited the trial court's ability to impose a term of total confinement beyond fourteen days. The trial court disagreed, reasoning that because it imposed Young's initial sentence of probation prior to the date Act 44 took effect, on May 8, 2024, any after-imposed revocation sentence would be governed by the version of the statute in effect at that time. *See* N.T., 11/26/24, at 5-7. The trial court thereafter revoked Young's probation and imposed an aggregate term of twenty-one to forty-two months' imprisonment, with a consecutive term of two years' probation. *See* Order, 12/3/24, at unnumbered 1.[6]

On December 3, 2024, Young filed a timely motion for the reconsideration of his sentence, wherein he argued that the trial court should have applied the amended version of section 9771(c), as it took effect prior to the imposition of his revocation sentence, and the maximum prison term for a first technical violation is fourteen days. *See* Motion to Reconsider Sentence, 12/3/24, at 1-2. The trial court subsequently denied the motion.

---

[6] On December 5, 2024, the court filed an amended order correcting a clerical error with respect to the labeling of one of the counts. *See* Amended Order, 12/5/24, at 1.

Young filed a timely notice of appeal,[7] and both he and the trial court complied with the requirements of Pa.R.A.P. 1925.

Young raises the following issues for our review:

1. Did the trial court err or abuse its discretion in committing [Young] to a sentence of total confinement in violation of [section] 9771 for a technical violation which exceeds the recommended sentence of a maximum of fourteen (14) days?

2. Did the trial court err or abuse its discretion when it failed to reconsider [Young]'s sentence?

Young's Brief at 2.

Young's first issue presents a challenge to the legality of his revocation sentence. *See Commonwealth v. Seals*, 2026 WL 739101, 2026 Pa. Super. LEXIS 82 (Pa. Super. 2026) (*en banc*) (holding that a claim that the trial court failed to apply section 9771(c), as amended by Act 44, when it imposed a term of total confinement as a result of a first technical violation of probation, implicates the legality of the revocation sentence). Accordingly, we review a

---

[7] One week after Young filed this notice of appeal, the trial court filed another amended sentencing order, this time purporting to additionally require Young to "pay restitution in the amount of $800.00[.]" Second Amended Order, 12/17/24, at 1. However, this order is a legal nullity, as the trial court lost jurisdiction to modify Young's sentence when he filed the instant notice of appeal, and the court's proposed amendment did not constitute the correction of a patent error which would have excepted it from this jurisdictional requirement. *See* Pa.R.A.P. 1701(a) (instructing that once a notice of appeal has been filed by an appellant, "the trial court . . . may no longer proceed further in the matter"); *see also* Pa.R.A.P. 1701(b)(1) (allowing modification "to preserve the *status quo*" and to "correct formal errors in papers relating to the matter").

challenge to the legality of a sentence "*de novo* and with a plenary scope of review." *Seals*, 2026 WL 739101, 2026 Pa. Super. LEXIS 82, at *14.

The core of Young's illegality of sentence claim pertains to whether the sentencing limitations in section 9771(c), as amended by Act 44, controlled the trial court's imposition of his revocation sentence. Relevantly, by passing Act 44, our legislature imposed certain restrictions on a court's ability to resentence an individual in violation of their probation to total confinement. *See* 42 Pa.C.S.A. § 9771(c). These amendments included "a presumption against total confinement for technical violations of probation[,]" as well as a limited list of scenarios whereby a "court may impose a sentence of total confinement upon revocation[.]" 42 Pa.C.S.A. § 9771(c)(1).[8] Crucially, the statute clarifies that where "a court imposes a sentence of total confinement following a revocation, the basis of which is one or more technical violations[,]" a court may only impose "a maximum period of [fourteen] days[']" confinement for a defendant's "first technical violation[.]" 42 Pa.C.S.A. § 9771(c)(2)(i).

---

[8] These scenarios included a finding that: (1) "the defendant has been convicted of another crime[;]" (2) there is "clear and convincing evidence that the defendant committed a technical violation that involves an identifiable threat to public safety and . . . cannot be safely diverted from confinement through less restrictive means;" or (3) the defendant committed a certain type of technical violation, as further enumerated within the statute. 42 Pa.C.S.A. § 9771(c)(1)(i)-(iii).

Preliminarily, we note that Young's illegality of sentence claim effectively mirrors that recently addressed by an *en banc* panel of this Court in **Seals**. In that case, the trial court sentenced Seals to an aggregate term of five years' probation with restrictive conditions, pursuant to the supervision of Probation Services, prior to the enactment of Act 44. **See Seals**, 2026 WL 739101, 2026 Pa. Super. LEXIS 82, at *2. Notably, one of the restrictive provisions accompanying Seals' probation required his participation in the Lebanon County DUI Court Program — a problem-solving court created in accordance with section 916. **See id**. Approximately three months into the sentence, however, Probation Services lodged a detainer in which it alleged that Seals committed six separate violations of the restrictive conditions of his probation. On July 17, 2024, following a hearing on the matter, the trial court revoked Seals' probation and imposed an aggregate sentence of one to five years' imprisonment. **See id**. at *3. At the time, no discussion took place with respect to the application of Act 44, "which had taken effect five weeks prior." **Id**.

On appeal, Seals asked this Court to determine whether his sentence was illegal for exceeding "the maximum sentence for a first technical violation of probation authorized by section 9771(c), [as] amended by Act 44 the month prior to his resentencing." **Id**. To support such a finding, Seals asserted that the amended version of the statute applied in his case because: (1) "he was serving a term of probation with restrictive conditions, which the trial court

then revoked[;]" (2) the court imposed the revocation sentence "after the effective date of Act 44[;]" and (3) it was of no moment that in lieu of receiving "a mandatory minimum sentence of incarceration[,]" the court instead required him to participate in a CIP program via the Lebanon County DUI Court Program, as this was merely a restrictive condition of the overarching probationary sentence subject to section 9771(c). *Id*. at *13.

In its Rule 1925(a) opinion, the trial court "defended its application of the prior version of section 9771 [by] contending that it 'was in effect at the time of Seals' sentencing[,]' and that the amended version applied 'only to cases where the defendant was sentenced or resentenced to probation on or after June 11, 2024.'" *Id*. (original brackets omitted). Thus, the trial court reasoned that "[b]ecause it did not resentence Seals to probation, . . . it was entitled to apply the prior version of the statute." *Id*. In its appellee brief, the Commonwealth reached the same conclusion, albeit on the basis "that Act 44 does not apply to problem-solving court sentences, CIP sentences, or sentences with restrictive probation[.]" *Id*.

After considering the above arguments, the **Seals** Court concluded that the Act 44 amendment to section 9771(c) applied to Seals' sentence, and it was therefore illegal. In doing so, the **Seals** Court reasoned that: (1) the trial court originally sentenced Seals "to an 'order of probation,'" which it subsequently revoked; (2) Seals' participation in a problem-solving court program in lieu of confinement did not "inherently transform[] the nature of"

- 8 -

this probationary sentence so as to remove it from the purview of section 9771; and (3) "nothing within section 9771 exempt[ed] probation with restrictive conditions from its requirements." *Id*. at 18. Accordingly, the *Seals* Court vacated Seals' sentence and remanded to the trial court for resentencing in accordance with the Act 44 amendments.

Returning now to the present case, we observe that both the parties and the trial court make nearly identical arguments to their respective counterparts in *Seals*. Here, Young argues the trial court imposed an illegal revocation sentence by imprisoning him, for a first technical violation, to a term greater than fourteen days, in contravention of the amended version of section 9771(c), which took effect prior to the imposition of his revocation sentence. Accordingly, Young submits that because his probation violations constituted a first technical violation, the trial court could have only sentenced him to a maximum term of fourteen days' total confinement pursuant to section 9771(c)(2)(i).

The trial court determined that Young's illegality claim was meritless for the same reason presented by the trial court in *Seals*, specifically relaying here that "the current version of [s]ection 9771 is applicable only to cases where the defendant was sentenced or resentenced to probation on or after June 11, 2024." Trial Court Opinion, 2/5/25, at 9. Thus, the trial court concluded that because "[t]his case is [instead] governed by the prior version of [s]ection 9771(c) which was in effect at the time of [Young's] sentencing[,]"

his illegality claim is meritless in light of the fact that his "sentence was appropriate under [the prior] version[.]" *Id*. at 8-9.[9]

In the wake of *Seals*, it is clear that Young's instant revocation sentence is illegal. Here, the trial court imposed Young's revocation sentence on December 5, 2024 — well after the Act 44 amendments took effect on June 11, 2024. Therefore, at the time it imposed Young's revocation sentence, the trial court was bound by Act 44's amendments to section 9771(c). *See Seals*, 2026 WL 739101, 2026 Pa. Super. LEXIS 82, at *19. In accordance with this determination, the record reflects that Young's violations were technical in nature, and that they constituted his first instance of probationary noncompliance. *See* 42 Pa.C.S.A § 9774.1(k). Thus, when the trial court imposed Young's revocation sentence, it could have only imprisoned him for a maximum term of fourteen days. *See* 42 Pa.C.S.A. § 9771(c)(2)(i). Consequently, we hold Young's revocation sentence of twenty-one to forty-two months' imprisonment is illegal, and we vacate it as such.

_____

[9] In its appellee brief, the Commonwealth presented the same argument reviewed by the *en banc* panel in *Seals*, positing that Act 44 does not apply to problem-solving court sentences, CIP sentences, or sentences with restrictive probations, such that the amended sentencing guidelines within section 9771(c) do not apply to the imposition of Young's revocation sentence. As explained above, however, the *Seals* Court rejected this argument, ruling that a probationer's participation in a problem-solving court as a restrictive condition to his probation did not "inherently transform[] the nature of" his probationary sentence to the extent that it stripped section 9771(c) of its applicability. *See Seals*, 2026 WL 739101, 2026 Pa. Super. LEXIS 82, at *18.

Based on the above disposition, we do not reach the merits of Young's second issue, which we note also challenges the trial court's failure to adhere to the Act 44 amendments when imposing his revocation sentence.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/13/2026