J-S14042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CHRISTINA FAMIANO :
:
Appellant : No. 2624 EDA 2018

Appeal from the Judgment of Sentence Entered August 1, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0002379-2010

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI*, J.

MEMORANDUM BY PELLEGRINI, J.:               **FILED APRIL 10, 2019**

Christina Famiano (Famiano) appeals from the judgment of sentence imposed by the Court of Common Pleas of Delaware County after it revoked her probation.   Appellate counsel seeks to withdraw under ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant the application to withdraw and affirm the judgment of sentence.

**I.**

In 2010, Famiano pleaded *nolo contendere* to one count of Theft by Deception (M1), 18 Pa.C.S. § 3922(a)(1), and was sentenced to three years'

_____
*   Retired Senior Judge assigned to the Superior Court.

probation. After nearly two years on probation,[1] in October 2012, Famiano was charged with, among other offenses, Insurance Fraud (F3), 18 Pa.C.S. § 4117(a)(2).[2] Famiano remained free on bail but did not inform the Delaware County Probation Department of her new charges. When that office learned of the charges, a bench warrant was issued but apparently Famiano was never detained on that warrant. In April 2013, she pled guilty to Insurance Fraud, sentenced to two years' probation, and again, for reasons that are not clear, this plea did not immediately result in the revocation of Famiano's probation on the Theft by Deception conviction.

Soon after, Famiano committed technical violations of her probation on the Insurance Fraud case resulting in a bench warrant being issued in June 2013 for both the 2010 and 2013 convictions. Famiano was not arrested on the warrants until December 2014. A hearing officer found probable cause that she violated her probation on both cases and directed that she be detained for formal revocation proceedings, which took place on January 14, 2015.[3] The trial court revoked Famiano's probation on both cases and re-

---

[1] In March 2012, Famiano was charged with several drug offenses and entered a plea to a summary offense. The Commonwealth did not revoke probation for those offenses.

[2] Famiano also appeals from the revocation sentence imposed at the Insurance Fraud case at docket number 2626 EDA 2018. We have separately issued a memorandum in that case, which presented identical issues.

[3] In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the United Supreme Court held that a person accused of violating their probation is entitled to two

- 2 -

sentenced her January 15, 2015, to 6 to 12 months' imprisonment followed by two years' probation on the Theft by Deception case, and a concurrent two years' probation on the Insurance Fraud case.[4]

At some point, Famiano was paroled and failed to report to the probation office, resulting in bench warrants on both cases. Famiano was again arrested in September 2015 and a *Gagnon I* hearing was held on October 6, 2015. The hearing officer deferred Famiano's *Gagnon II* hearings so that she could enter an outpatient rehabilitation program. Famiano failed to complete the program and tested positive for cocaine in February 2016 leading to two more bench warrants in April 2016.

Famiano was not apprehended until June 1, 2018. At the August 1, 2018 *Gagnon II* hearing, Famiano requested inpatient rehabilitation. The trial court declined and revoked her probationary term. Famiano was re-

_____

hearings before revocation. Generally, "[w]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a *pre-revocation* hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made." *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. 2000).

[4] Due to the application of 75 days' time credit, Famiano's sentence was effective October 31, 2014. Therefore, she was eligible for parole on April 30, 2015, with a maximum release date of October 31, 2015. Her probationary term would therefore expire on October 31, 2017. Because she had no credit on the Insurance Fraud case, her concurrent probation on that case would run until January 14, 2017.

sentenced on both cases and received an identical sentence of one to four years' incarceration in state prison, imposed concurrently.[5]

Famiano filed counseled post-sentence motions to modify her sentences, which were denied. She appealed and her appellate counsel has sought permission to withdraw.

## II.

We must first rule on counsel's application to withdraw. *See Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa. Super. 2013) ("When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). Both procedural and substantive requirements must be satisfied. Procedurally, counsel must: (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013).

---

[5] Famiano received a Risk Recidivism Reduction Incentive (RRRI) sentence, resulting in a minimum sentence of nine months. *See* 61 Pa.C.S. § 4505(c). Due to the application of time credit, her sentence effectively commenced June 1, 2018.

Appellate counsel has complied with these procedural elements. Counsel certifies that he examined the record, believes that any appeal would be frivolous, and provided Famiano with a copy of the brief. In addition, counsel has attached to his application a copy of the letter sent to Famiano informing her of his conclusions and her right to hire counsel or file her own brief. **See Commonwealth v. Woods**, 939 A.2d 896, 900 (Pa. Super. 2007) (noting this Court's precedents requiring that counsel attach to their withdrawal petition a copy of the letter sent to the client).

Appellate Counsel has also complied with the substantive requirement that the petition to withdraw must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. **See Santiago**, 978 A.2d at 361. Counsel's **Anders** brief summarizes the factual and procedural history and identifies one potential issue and cites to parts of the record that tend to support the claim and outlines the legal analysis that led counsel to conclude that any appeal would be frivolous.

### III.

Because the brief complies with the procedural mandates, we consider the one issue raised:

I.       Whether the [one to four] year term of imprisonment imposed herein is harsh and excessive under the circumstances[.][6]

The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. *See Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007); *Hoch*, 936 A.2d at 518 (citation omitted). To invoke this court's jurisdiction when challenging the discretionary aspects of a sentence, "we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted).

_____

[6] Our standard of review of the discretionary aspects of a sentence is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

*Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015).

Whether a particular challenge to a sentence amounts to a substantial question is determined on a case-by-case basis. **See *Commonwealth v. Coulverson***, 34 A.3d 135, 142 (Pa. Super. 2011) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (citations and internal quotation marks omitted).

"[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n. 8 (Pa. Super. 2013).

Famiano failed to satisfy prong two of the test because her post-sentence motion that her sentence was excessive was filed on August 14, 2018, one day after the applicable ten-day period for such motion had expired. **See** Pa.R.Crim.P. 720(A)(1).[7] Her challenge that her sentence is excessive is not preserved for appellate review. ***Commonwealth v. Wrecks***, 931 A.2d

_____

[7] Famiano was re-sentenced on August 1, 2018. Since the 10th day for filing her post-sentence motions fell on a weekend, the last day to timely file would have been Monday, August 13, 2018. **See** 1 Pa.C.S. § 1908.

- 7 -

717, 719 (Pa. Super. 2007) ("An untimely post-sentence motion does not preserve issues for appeal.").

Even if Famiano had timely preserved the issue, her appeal still would be without merit because she has not shown that her sentence was inconsistent with the Sentencing Code or contrary to the fundamental norms that underlie the sentencing process. Upon revoking probation, the trial court is limited only by the maximum sentence that it could have originally imposed with the caveat that the court shall not impose a sentence of total confinement unless it finds that: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

Here, the court sentenced Famiano to county prison in January 2015 for her Theft by Deception conviction. When she was detained on the Insurance Fraud charge, the trial court gave her an opportunity to enroll in outpatient treatment that she did not successfully complete. The next year, she tested positive for drugs and failed to report, leading to new bench warrants on both of her cases. Famiano was not arrested on those bench warrants until over two years later.

Based on this background, any assertion that the court abused its discretion in imposing total confinement is frivolous. The court previously sentenced Famiano to county imprisonment and gave her a chance to

complete outpatient treatment, which she failed to do. The court was justified in imposing total confinement to both vindicate its authority and prevent additional crimes. Accordingly, we would find this issue to be frivolous even if preserved.

**IV.**

Finally, we have conducted our own independent review of the record to identify any preserved, non-frivolous issues that are not raised in the *Anders* brief. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018). We conclude that there are not any preserved, non-frivolous issues that could be raised.

Application to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/19