J-S55016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT D. CRAVENER, SR. | : | |
| | : | |
| Appellant | : | No. 166 WDA 2019 |

Appeal from the Order Entered January 17, 2019
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000139-2008

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:          **FILED JANUARY 06, 2020**

Robert D. Cravener, Sr., appeals from the order revoking his parole. He argues that his rights were violated because the trial court did not conduct a **_Gagnon I_**[1] hearing within a reasonable time following his arrest. We affirm.

In 2008, Cravener pled guilty to driving under the influence of alcohol ("DUI"), driving while operating privileged is suspended or revoked, and required financial responsibility.[2] The trial court sentenced Cravener to 13 to 60 months' incarceration. He was originally granted parole in March 2009. Cravener violated parole numerous times, and remained on parole in 2018.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **_Gagnon v. Scarpelli_**, 411 U.S. 778 (1973).

[2] 75 Pa.C.S.A. §§ 3802(c), 1543, and 1786, respectively.

In February 2018, the trial court revoked Cravener's parole and remanded Cravener to custody, without credit for street time. In March 2018, Cravener was re-paroled, with a condition that he complete an inpatient treatment program at Pyramid in Wilkinsburg, Pennsylvania, and comply with all after-care recommendations. Order of Court, filed Mar. 15, 2018. The order warned that "[f]ailure to comply with treatment shall result in a bench warrant for [Cravener's] arrest." *Id.* Shortly after entering the treatment program, Cravener called his Probation Officer Joshua Czekanski to inform him that he wanted to leave the facility early. N.T., 11/7/18, at 22. Officer Czekanski told Cravener that he would violate parole if he left. *Id.* at 22-23. At a parole revocation hearing, Cravener testified that he wanted to leave the facility because the recommended length of treatment was longer than he expected. *Id.* at 37-38.

Pyramid discharged Cravener for leaving the facility against its advice. Commonwealth Exh. 1, Pyramid Healthcare, Inc, Discharge Summary. In April 2018, a bench warrant was issued for Cravener's arrest. On October 7, 2018, Cravener was arrested. On October 16, 2018, Cravener received notice of the parole revocation charges and refused to sign a waiver of his right to a *Gagnon I* hearing. N.T., 11/7/18, at 28-29; *see also* Commonwealth's Exh. 2, *Gagnon I* Waiver. On October 23, 2018, Officer Czekanski filed a petition to revoke parole, asserting the following grounds for revocation:

> Failed to: maintain a schedule of payments toward costs/fines and/or restitution, comply with all Municipal, County, State and Federal Criminal Laws; undergo

> evaluation/successfully complete a course of alcohol/controlled substance abuse treatment and/or counseling at any facility approved by Probation at own cost/expense and cooperate completely with counselors and other personnel of the facility[; p]articipate in meetings of self-help groups required; report to the Probation Department as directed; and abide by the Parole Order dated March 15, 2018.

Petition to Revoke Parole, filed Oct. 23, 2018, at ¶ 4.

On October 29, 2018, Cravener filed a *pro se* Writ of Habeas Corpus challenging the calculation of time served that should be counted toward his sentence, and requesting the appointment of counsel.

The trial court held a hearing on October 30, 2018, but continued it and appointed counsel. It held **Gagnon I** and **Gagnon II** hearings on November 7, 2018.[3] Following the hearings, the trial court ordered the parties to submit briefs on their respective positions, including whether the **Gagnon I** hearing was held within a reasonable time. In January 2019, the trial court revoked Cravener's parole. Cravener filed a timely notice of appeal.[4]

---

[3] The Commonwealth claimed that one ground for revocation of parole was a new conviction against Cravener. Cravener maintained, and the trial court agreed, that the new conviction could not be grounds for revocation because the conviction had been known to the Commonwealth prior to the February 2018 parole revocation hearing and therefore could not be used to support revocation in October 2018. N.T., 11/7/18, at 14-16.

[4] The trial court issued an order requiring Cravener to file a concise statement of errors complained of on appeal. Cravener did not comply with this order. This was *per se* ineffectiveness of counsel. **Commonwealth v. Burton**, 973 A.2d 428, 432 (Pa.Super. 2009) (*en banc*). However, we conclude that remand is not necessary on this parole revocation case. Because the trial court explained its reasoning in the findings of fact supporting the revocation of parole and explained why the timing of the **Gagnon I** hearing did not violate

Cravener raises the following issue on appeal: "Given the delay between [Cravener's] arrest and the filing of a parole revocation petition, and the additional delay pending his hearing, were [Cravener's] rights violated under the standards set forth in *Gagnon* and *Davis*[5]?" Cravener's Br. at 4.

"[B]ecause of the possible deprivation of liberty inherent in parole revocation proceedings," a parolee is entitled to minimum due process protections. *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa.Super. 2000) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed." *Id.* (citing *Commonwealth v. Holmes*, 375 A.2d 379, 381, n. 4 (Pa.Super. 1977)).

"To determine whether a delay in a *Gagnon I* hearing violated a defendant's due process rights, a court must determine whether the hearing was held within a "reasonable time." *Ferguson*, 761 A.2d at 619 (interpreting predecessor to Pa.R.Crim.P. 708(B)(1)). To determine whether the delay was

Cravener's due process rights, and because counsel filed a brief in support of Cravener's position, we decline to remand for the filing of a Rule 1925(b) statement. *Burton*, 973 A.2d at 433 (finding remand not necessary under Rule 1925(c)(3) where counsel filed late 1925(b) statement and trial court issued opinion addressing issue raised); *Commonwealth v. Presley*, 193 A.3d 436, 441 (Pa.Super. 2018) (noting "in criminal cases, remand, not waiver, results from the late filing of a statement, unless the trial court addressed the issues raised in a late-filed statement").

[5] *Commonwealth v. Davis*, 336 A.2d 616 (Pa.Super. 1975).

- 4 -

reasonable, the court must "examine[] three factors: the length of the delay; the reasons for the delay; and, the prejudice resulting to the defendant from the delay." *Id.*

In *Ferguson*, the appellant alleged a due process violation where his *Gagnon I* hearing was held 15 days after his arrest and incarceration. The court found the delay was reasonable. It noted the appellant had initially stated he would waive his rights to a *Gagnon I* hearing, but later chose not to do so, and that the appellant did not establish he was prejudiced by any delay. The court noted that the appellant admitted at the *Gagnon II* hearing that he committed the alleged parole violations. *Id.* We concluded that the appellant contributed to the delay and that he "assert[ed] no actual prejudice to him resulting from the delay" and he therefore "fail[ed] to demonstrate that the delay was unreasonable." *Id.*

Here, the trial court found:

> Under these circumstances[,] the thirty-one day delay for the *Gagnon I* hearing was not unreasonable and [Cravener] was not prejudiced by the delay. At the *Gagnon II* hearing, the Commonwealth's evidence demonstrated that [Cravener] violated the terms of his parole in several ways. First, he left the Pyramid in-patient treatment facility against the staff's advice. Second, he never reported to the Probation Office from the time he left the facility until the bench warrant was executed. Third, [Cravener] never paid a cent toward fines, costs, fees, etc. after December 16, 2016.

Trial Court Opinion, filed Jan. 17, 2019, at 4.

- 5 -

We agree. Although the ***Gagnon I*** hearing was not held until 31 days after Cravener's arrest, he received notice of the grounds for revocation on October 16, 2018, nine days after his arrest. Further, on October 30, the court held a hearing, at which it determined Cravener should be represented by counsel, and appointed the same. Further, because the Commonwealth proved the grounds for revocation, and Cravener admitted to the grounds for revocation, he cannot establish he was prejudiced by any delay.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2020