**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD EUGENE TOKARCIK, JR. | : | |
| | : | |
| Appellant | : | No. 225 WDA 2024 |

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000081-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD EUGENE TOKARCIK, JR. | : | |
| | : | |
| Appellant | : | No. 916 WDA 2024 |

Appeal from the Order Entered January 9, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000083-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD EUGENE TOKARCIK JR. | : | |
| | : | |
| Appellant | : | No. 917 WDA 2024 |

Appeal from the Order Entered January 9, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000218-2010

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| RICHARD TOKARCIK | : |  |
|  | : |  |
| Appellant | : | No. 918 WDA 2024 |

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000219-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| RICHARD TOKARCIK | : |  |
|  | : |  |
| Appellant | : | No. 919 WDA 2024 |

Appeal from the PCRA Order Entered January 9, 2024
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000220-2010

BEFORE: OLSON, J., STABILE, J., and KING, J.

MEMORANDUM BY OLSON, J.: **FILED: December 8, 2025**

In this consolidated appeal, Appellant, Richard Tokarcik, appeals *pro se* from the January 9, 2024 order denying his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] We affirm.

---

[1] The January 9, 2024 order denying Appellant's petitions was entered on trial court dockets: CP-33-CR-0000081-2010 ("Case 81-2010"), CP-33-CR-0000083-2010 ("Case 83-2010"), CP-33-CR-0000218-2010 ("Case 218-2010"), CP-33-CR-0000219-2010 ("Case 219-2010"), and CP-33-CR-0000220-2010 ("Case 220-2010") because the petition challenged Appellant's criminal convictions and probation revocation sentences imposed
*(Footnote Continued Next Page)*

- 2 -

On March 7, 2011, Appellant pleaded guilty to nine counts of burglary and two counts of access device fraud at Case 81-2010, Case 83-2010, Case 218-2010, Case 219-2010, and Case 220-2010 as well as one count of burglary at trial court docket CP-33-CR-0000217-2010 ("Case 217-2010").[2] That same day, upon Appellant's waiver of a pre-sentence investigation report, the trial court sentenced Appellant to an aggregate term of 5 to 10 years' incarceration, subject to eligibility for the recidivism risk reduction incentive program after 50 months' incarceration, to be followed by 91 years' probation.

In January 2017, while on parole, Appellant committed several new criminal offenses. **See** Trial Court Docket Number CP-33-CR-0000132-2017 ("Case 132-2010"). As a result of these new criminal charges, the trial court

_____

at each of the aforementioned trial court dockets. Following the denial of Appellant's petition for collateral relief, Appellant filed a single notice of appeal, listing each of the aforementioned trial court dockets, which implicated **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring an appellant to file sperate notices of appeal if a single order resolves issues at more than one lower court docket). On July 2, 2024, this Court issued an order directing Appellant to file amended notices of appeal pursuant to **Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021) (permitting appellate courts to allow for correction when a timely appeal is erroneously filed at only one docket); and **see** Pa.R.A.P. 902(b) (failure to file a notice of appeal at each trial court docket does not affect the validity of the appeal, but subjects the appeal to remand for correction). Appellant timely complied with this Court's order and filed separate amended notices of appeal at each trial court docket. Thereafter, by order dated August 23, 2024, this Court consolidated the instant appeal *sua sponte*.

[2] After careful review of the certified record, it does not appear that Case 217-2010 is included in the instant appeal.

issued a detainer on January 10, 2017, and Appellant was taken into custody pending a *Gagnon I*[3] hearing.

On October 19, 2017, a jury convicted Appellant of numerous sex-based offenses in Case 132-2017. *See Commonwealth v. Tokarcik*, 2019 WL 5595843,*1 (Pa. Super. 2019) (non-precedential decision). On February 7, 2018, the trial court sentenced Appellant in Case 132-2017 to an aggregated term of 10 to 20 years' incarceration. That same day, the trial court conducted a *Gagnon II*[4] hearing in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010. At the conclusion of the hearing, the trial court revoked Appellant's probation in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010. The trial court then re-sentenced Appellant to an aggregate term of 22 to 44 years' incarceration with the sentences set to run consecutively to the sentence imposed in Case 132-2017. *Id.* Appellant did not file a post-sentence motion or appeal his judgments of sentence in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010. As such, Appellant's judgments of sentence became final on March 9, 2018. *See* Pa.R.A.P. 903(a) (stating that,

---

[3] *Gagnon v. Scarpelli* 411 U.S. 778 (1973). A *Gagnon I* hearing is a pre-revocation hearing at which the Commonwealth must establish that probable cause exists to believe that a probation violation has been committed. *Commonwealth v. Ferguson* 761 A.2d 613, 617 (Pa. Super. 2000).

[4] If the trial court finds probable cause at the *Gagnon I* hearing, a second, more comprehensive *Gagnon II* hearing is required before a final revocation decision can be made. *Ferguson*, 761 A.2d at 617.

a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken"); *see also* 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

On March 24, 2022, Appellant filed a *pro se* motion to correct an illegal sentence in Case 218-2010, Case 219-2010, Case 220-2010, Case 81-2010, and Case 83-2010. The PCRA court, upon receipt of Appellant's motion, properly considered the motion to be a petition filed pursuant to the PCRA because Appellant's judgments of sentence were final and the motion requested relief contemplated by the PCRA (i.e., correction of an illegal sentence). *See Commonwealth v. Fantuazzi*, 275 A.3d 986, 955 (Pa. Super. 2022) (stating, "regardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA"), *appeal denied*, 289 A.3d 41 (Pa. 2022); *see also* 42 Pa.C.S.A. § 9543(a)(2)(vii) (stating that, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that the sentence resulted from the "imposition of a sentence greater than the lawful maximum"). Thereafter, the PCRA court appointed counsel to represent Appellant. Nonetheless, Appellant submitted multiple *pro se* filings seeking, *inter alia*, reinstatement of his direct appeal

rights *nunc pro tunc*. Ultimately, on August 8, 2023, the PCRA court denied Appellant PCRA relief. Thereafter, Appellant filed an appeal in this Court.

On January 4, 2024, Appellant filed another *pro se* petition seeking PCRA relief. **See** Appellant's *Pro Se* Motion, 1/4/24 (asking the court to use its "inherent powers" to "correct a[n] illegal sentence."). On January 9, 2024, the PCRA court entered an order summarily dismissing Appellant's *pro se* petition which gives rise to the instant appeal. When Appellant filed his *pro se* PCRA petition on January 4, 2024, his appeal of the PCRA court's August 8, 2023 order remained pending before this Court. Indeed, this Court did not resolve Appellant's appeal until April 30, 2024. **See Commonwealth v. Tokarcik**, 318 A3d 1291 (Pa. Super. 2024) (non-precedential decision).

This Court has recognized:

> Pennsylvania law makes clear the [PCRA] court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000). **See also Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*), *appeal denied*, 190 A.3d 1134 (Pa. 2018) (reaffirming that **Lark** precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, *i.e.*, file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." **Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa. Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. **Id.** If the petitioner pursues the pending appeal, then the PCRA court is required under **Lark** to

dismiss any subsequent PCRA petitions filed while that appeal is pending. **Lark**, **supra**.

Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case. **Id.**[; **see**] **also Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

**Commonwealth v. Beatty**, 207 A.3d 957, 961 (Pa. Super. 2019). Here, Appellant filed a new PCRA petition before this Court resolved a prior collateral appeal on the same related cases. Accordingly, the PCRA court did not have jurisdiction to consider Appellant's January 4, 2024 filing.[5] Based upon our decisions in **Lark** and **Beatty**, we hold that the PCRA court lacked authority to consider another PCRA petition while a prior PCRA petition in the same case was pending on appeal.

Order affirmed.

_____

[5] At the time Appellant filed his *pro se* petition on January 4, 2024, he was represented by counsel. Hence, upon receipt of Appellant's *pro se* filing, the PCRA court should have "[referred] the pleading to counsel" and taken "no further action . . . unless counsel forward[ed] the motion." **Commonwealth v. Jette**, 23 A.3d 1032, 1044 (Pa. 2011), *abrogated on other grounds by,* **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). Instead, the PCRA court summarily dismissed Appellant's *pro se* petition. Even if counsel filed the instant PCRA petition and current appeal, but failed to first withdraw the pending appeal on the prior PCRA petition, counsel's petition would still be subject to dismissal under **Lark**.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: <u>12/08/2025</u>