J-S35011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JODY C. MCELROY | : | |
| | : | |
| Appellant | : | No. 616 MDA 2025 |

Appeal from the Judgment of Sentence Entered April 9, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000427-2017

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 24, 2026**

Appellant, Jody C. McElroy, appeals from the judgment of sentence entered April 9, 2025 following the revocation of probation.  We affirm.

On March 22, 2017, Appellant pled guilty to one count of criminal trespass.[1]  That same day, pursuant to the plea agreement, the trial court sentenced Appellant to time-served to 24 months' incarceration followed by three years' probation.  Appellant was released from confinement on March 29, 2017 and his supervision was transferred to the State of Maryland.

On November 2, 2018, the Franklin County Office of Probation and Parole requested that a bench warrant be issued for Appellant after the State of Maryland reported that Appellant absconded from supervision.  On March

---

[1] 18 Pa.C.S.A. § 3503(a)(1)(i).

14, 2019, the matter proceeded to a *Gagnon I* hearing.[2]   That day, the trial court entered an order finding that Appellant knowingly, intelligently and voluntarily stipulated to be in violation of the terms and conditions of his parole and waived his right to a *Gagnon II* hearing.  The trial court, therefore, revoked Appellant's parole and recommitted Appellant to serve the balance of his originally imposed sentence.  Appellant was released from confinement on April 2, 2019.  Thereafter, Appellant's supervision was transferred to the State of Maryland.

On May 18, 2020, the Franklin County Office of Probation and Parole requested that a bench warrant be issued for Appellant after the State of Maryland reported that Appellant again absconded from supervision.  On August 17, 2022, the matter proceeded to a *Gagnon I* hearing.  That day, the trial court entered an order finding that Appellant knowingly, intelligently and voluntarily stipulated to be in violation of the terms and conditions of his parole and waived his right to a *Gagnon II* hearing.  Accordingly, the trial court revoked Appellant's parole and recommitted Appellant to serve the balance of his originally imposed sentence.  Appellant was released from

_____

[2] ***See Gagnon v. Scarpelli***, 411 U.S. 778 (1973); ***see also Commonwealth v. Ferguson***, 761 A.2d 613 (Pa. Super. 2000) (explaining that, when a parolee or probationer is detained pending a revocation hearing, due process requires a determination at the pre-revocation hearing (***Gagnon I*** hearing) of probable cause to believe a violation was committed, and upon finding of probable cause, a second, more comprehensive hearing (***Gagnon II*** hearing) follows before the trial court makes its final revocation decision).

confinement on October 26, 2022.  Thereafter, Appellant's supervision was again transferred to the State of Maryland.

On April 10, 2023, the Franklin County Office of Probation and Parole requested that a bench warrant be issued for Appellant after the State of Maryland reported that Appellant, once again, absconded from supervision. On March 24, 2025, the matter proceeded to a *Gagnon I* hearing.  At that time, Appellant stipulated to be in violation of the terms and conditions of his probation and waived his right to a *Gagnon II* hearing.  The trial court, however, entered an order requesting an updated pre-sentence investigation report and scheduled a re-sentencing hearing for April 9, 2025.

The parties convened for Appellant's re-sentencing hearing on April 9, 2025.  Appellant was represented by Christopher Mosebrook, Esquire, of the Franklin County Public Defender's Office.  At the hearing, the parties agreed that Appellant completed the "parole portion" of his original sentence and was now "on [the] probation portion."  N.T. Hearing, 4/9/25.  In addition, the parties agreed that, after Appellant absconded from supervision, he received new criminal charges in the State of Maryland for which he was convicted and sentenced.  *Id.* at 2.  The aforementioned charges served as the basis for Appellant's probation violation.  *See id.* at 10 (the trial court stating: "You have had new charges that you have been convicted on and sentenced on in

the State of Maryland and [] they serve for [the] basis of this violation.").[3]

Based upon the foregoing, the trial court revoked Appellant's probation and re-sentenced Appellant to serve 12 months to 60 months' incarceration in a State Correctional Institution.

Thereafter,

> [Appellant] did not file a post-sentence motion. On April 21, 2025, a letter was docketed from [Appellant] requesting new counsel. On April 24, 2025, [the trial court] granted [Appellant's] request for new counsel and appointed Shawn Stottlemyer, Esq[uire]. Attorney Stottlemyer filed a notice of appeal on May 6, 2025. On May 7, 2025[, the trial court] issued an order directing [Appellant] to file a concise statement of errors complained of [on appeal pursuant to Pa.R.A.P. 1925(b)] within 21 days of the date of said order. [Appellant] timely filed on May 28, 2025.

Trial Court Opinion, 6/18/25, at 2 (footnote omitted).

Appellant raises the following issue for our consideration:

> Whether the imposition of [Appellant's] sentence of total confinement of 12-60 months in a state correctional facility following revocation of probation is, on its face, manifestly unreasonable as to constitute an abuse of discretion by the [trial court] considering the sentence was above the aggravated

---

[3] At the time of Appellant's re-sentencing, 42 Pa.C.S.A. § 9771 stated, in relevant part, that a trial court may "revoke an order of probation upon proof of the violation of specified conditions of the probation" and provided the trial court, upon re-sentencing, "the sentencing alternatives available to the court . . . as were available at the time of the initial sentencing." 42 Pa.C.S.A. § 9771(b). In addition, a trial court could "impose a sentence of total confinement only if the defendant [was] convicted of another crime." 42 Pa.C.S.A. § 9771(c)(1)(i). Because Appellant's new criminal convictions served as the basis for the claimed probation violation, the sentencing alternatives available to the trial court were the same as were available at the time of initial sentencing. *See id.*; *see also Commonwealth v. Lias*, 2025 WL 2953249, *1,*6 (Pa. Super. 2025) (non-precedential decision).

range of the Resentencing Guidelines without reference to the mitigating evidence presented?

Appellant's Brief at 4.

We preliminarily recognize that "in an appeal from a sentence imposed after the court has revoked probation," as is the case here, this Court "can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 113, 136 (Pa. Super. 2015) (citation omitted). Herein, Appellant challenges the discretionary aspects of his sentence. Importantly,

> "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:
>
> > (1) whether the appeal is timely; (2) whether [the] appellant preserved his[, or her,] issues; (3) whether [the] appellant's brief includes a [Pennsylvania Rule of Appellate Procedure] 2119(f) concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.
>
> *Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

*Commonwealth v. Pisarchuk*, 306 A.3d 872, 878 (Pa. Super. 2023) (original brackets and extraneous capitalization omitted), *appeal denied*, 318 A.3d 95 (Pa. 2024); *see also Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

- 5 -

Upon review, we conclude that Appellant failed to preserve his challenge to the discretionary aspects of his sentence because he failed to file a timely post-sentence motion. Instead, on April 21, 2025, 10 days after sentencing, Appellant submitted a *pro se* filing in which he requested the trial court to appoint new counsel to enable him to file an appeal setting forth claims of ineffective assistance of counsel. More specifically, Appellant stated:

> This letter is to request that an extension be granted and new counsel be appointed for my [d]irect appeal; as I am in need due to the ineffectiveness of court[-]appointed counsel Christopher J. Mosebrook[, Esquire]. As per correspondence with him[] (April 11, 2025 [and] April 14, 2025)[, h]e informed me [that] he would not be available to provide me with my transcripts or file this appeal [because Appellant sought to challenge Attorney Mosebrook's effective assistance].
>
> On April 9, 2025, at the above listed sentencing proceeding[, i]t was clear to see [that] I [w]as not at all on the same page with [Attorney] Mosebrook as [I] had to speak up against his statements. As he only spoke with me for a brief moment before going in from the sentencing [court] ([five] min[utes] at best). He also failed to call a character witness that was available (Steven Teller). [H]e totally failed to present meaningful arguments to the [trial court] that I am sure would [have] affected [its decision] making during the sentencing process.

Appellant's *Pro Se* Filing, 4/21/25, at *1 (unpaginated). On April 24, 2025, the trial court appointed Attorney Stottlemyer to represent Appellant. At this time, Attorney Stottlemyer had two options: seek the trial court's permission to file a post-sentence motion *nunc pro tunc* or wait for the appeal period to expire and file a petition pursuant to the Post-Conviction Relief Act ("PCRA") and request reinstatement of Appellant's right to file a post-sentence motion.

*See Commonwealth v. Dreves*, 839 A.2d 1122, 1128-1129 (Pa. Super. 2003) (*en banc*) (outlining the process for obtaining permission by the trial court to file a post-sentence motion if a defendant failed to submit a timely post-sentence motion within 10 days of his or her sentencing); *see also* 42 Pa.C.S.A. §§ 9543, 9545. Attorney Stottlemyer, however, elected to file a notice of appeal to this Court, which effectively nullified this Court's ability to review Appellant's discretionary challenge. *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted) ("To preserve an attack on the discretionary aspects of sentence, an appellant must raise his[, or her] issues at sentencing or in a post-sentence motion. Issues not presented to the [trial] court are waived and cannot be raised for the first time on appeal."); *see also* Pa.R.A.P. 302(a). In light of the foregoing, we are unable to review Appellant's claim.[4]

_____

[4] Even if we were to consider Appellant's challenge, we would conclude Appellant is not entitled to relief. In his 2119(f) statement, Appellant argues that "the court erred by imposing an aggravated sentence without consideration of mitigating circumstances." Appellant's Brief at 7 (citation omitted). Appellant's claim raises a substantial question. *See Commonwealth v. Mulkin*, 228 A.3d 913, 916 (Pa. Super. 2020) (holding that a claim that the trial court "ignored mitigating evidence when imposing an aggravated-range sentence" raised a substantial question).

In addressing Appellant's claim on appeal, the trial court stated:

> At the time of sentencing on April 9, 2025, [the trial court] heard from both Attorney [] Mosebrook, who represented [Appellant] and [Appellant] himself. The record reflects that on March 24, 2025, [Appellant] stipulated that he violated the terms of his probation. After hearing from [Appellant] and

*(Footnote Continued Next Page)*

_____

> Attorney Mosebrook, [the trial court] announced that [it] would be following the Probation Department's recommendation of a sentence of [12] months to [60] months[' incarceration]. In particular, the trial court stated:

>> I do understand your attorney's arguments for why he is asking for a local sentence to give you an opportunity.

>> You had a lot of opportunities and I just feel as though you've run out of opportunities for local supervision.

>> I also understand that the standard range in Pennsylvania commission of sentencing guidelines form that's attached to my packet indicates that you have a prior record score of [zero] and an offense gravity score of [three]. So your standard range was RS to [six] and the aggravated range was [nine] and a sentence of 12 months – a minimum sentence of 12 months is outside of that.

>> So I'm taking consideration [of] the fact that this was based on a date of sentence of March 22, 2017.

>> Since that time, you had the opportunity for supervision. You have a parole revocation. You have had new charges that you have been convicted on and sentenced on in the State of Maryland and that they serve for basis of this violation.

>> So local supervision hasn't been effective. State supervision is appropriate and a departure from the guidelines is also appropriate in my mind.

Trial Court Opinion, 6/18/25, at 6-7 (footnote omitted); **see also** N.T. Hearing, 4/9/25, at 9-10. The foregoing demonstrates that the trial court, in issuing Appellant's sentence, considered the arguments set forth by Attorney Mosebrook and Appellant himself, in which they set forth mitigating evidence for it to consider. In addition, the foregoing demonstrates that the trial court determined that circumstances required it to issue a sentence in the aggravated range. As demonstrated, the trial court set forth its reasoning for issuing this sentence during the April 9, 2025 hearing. **See id.** Based upon all of the foregoing, we discern no abuse of discretion on the part of the trial

*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/24/2026

_____

court. *See Commonwealth v. Bowen*, 55 A.3d 1254, 1264 (Pa. Super. 2012).